Filed June 17, 1884.

---

No. 10,796.

## THE WESTERN UNION TELEGRAPH COMPANY v. REED.

TELEGRAPH.—*Failing to Transmit Message.—Penalty.—Lex Loci.—Statute Construed.*—The statute, R. S. 1881, section 4176, giving a penalty for failure to transmit a telegraphic message, does not apply to messages not sent from this State, and the sender only can recover the penalty.

SAME.—*Special Damages.—Complaint After Verdict.*—A complaint to recover special damages for loss caused by the incorrect transmission of a telegram, which avers facts showing that the loss could not have been caused by the error, is bad after verdict.

From the Decatur Circuit Court.

*J. E. McDonald, J. M. Butler* and *A. L. Mason,* for appellant.
*J. S. Scobey,* for appellee.

HAMMOND, J.—The appellee sued the appellant in a complaint of two paragraphs. In the first paragraph the appellee sought to recover the statutory penalty, and also special damages, for the appellant's failure correctly to transmit a telegram. The second paragraph was to recover the statutory penalty for failing to transmit the same message.

The appellant answered specially. The appellee's demurrer to the answer was sustained; the appellant excepted to the ruling, and, declining to answer further, judgment was rendered in favor of the appellee for $150. The telegraph company excepted to the judgment and appealed to this court.

Errors assigned here are, that neither paragraph of the complaint states facts sufficient to constitute a cause of action, and that the court erred in sustaining the demurrer to the answer and in rendering judgment for the appellee.

The dispatch in question, as is averred in each paragraph of the complaint, was sent from the appellant's office in Chicago, Illinois, by Millmine, Badman & Co., of that city, to the appellee at Saint Paul, in this State.

The complaint is wholly insufficient to recover the statutory penalty for two reasons:

1. The law of the place from which a message is sent governs its transmission. Statutes prescribing penalties, or conferring rights of action, are limited in their application to the States in which they are enacted. A telegraph company is not subject to the penalty prescribed by our statute for failure to transmit a dispatch, sent from a place without, to a place within, this State. *Carnahan* v. *Western Union Tel. Co.*, 89 Ind. 526.

2. The appellee did not send the telegram; it was sent to him. The sender alone of a dispatch can maintain an action to recover the statutory penalty. Section 4176, R. S. 1881; *Western Union Tel. Co.* v. *Pendleton*, 95 Ind. 12.

The want of care, shown in drawing the first paragraph of the complaint with respect to the claim for special damages, was owing to the fact, no doubt, that the appellee's reliance for a recovery was based principally upon the penal provision of the statute. The averments to support the demand for special damages are substantially as follows: The appellee was a general dealer in buying, selling and trading in grain of all kinds at Saint Paul, this State. He had in an elevator in Chicago 10,000 bushels of oats for sale in the care of Millmine, Badman & Co., grain merchants, doing business in that city. On August 12th, 1882, said merchants sent from the appellant's office, in Chicago, to the appellee at Saint Paul, a message informing him that they had sold his oats at thirty-five and *three-fourths* cents per bushel.

The message was changed in transmission by the appellant's negligence, so as to inform the appellee that the sale was for thirty-five and *one-fourth* cents per bushel. The ap-

pellee did not, as is alleged, countermand the sale, as he would have done had the message been correctly sent and delivered by the appellant, but permitted it to stand, thereby claiming to lose one-half cent on each bushel of oats, making his whole loss $50. If presumptions were to be indulged outside of the record, it might be supposed that there was a mistake either in the complaint itself or in the copy of it in the record, and that what the appellee did say, or intended to say in his complaint, was that the dispatch, as sent by the Chicago merchants, announced the sale of the oats at thirty-five and *one-fourth* cents per bushel, but that, as received by the appellee, it informed him that the sale was made at thirty-five and *three-fourths* cents per bushel. In such case it can be seen how the loss complained of might have occurred. But we are bound by the complaint, as it comes to us in the record, and, as thus presented, it is apparent that it makes no case for special damages upon the ground stated. It appears from the averments of the complaint, that the charges for transmitting the message were paid by the parties sending it. The appellee's complaint, therefore, is not good even to recover for such charges.

No brief has been furnished us by counsel for the appellee.

It is due to the learned judge who presided at the trial below to say that the record fails to show that his attention was called to the defects in the complaint. Although in such case the trial judge may presume that the plaintiff's counsel was sufficiently careful of his client's interests to draft a good complaint, yet, under the statute, an objection for want of sufficient facts may be made to the complaint for the first time in this court, and where, as in the present case, the objection is well taken, we are compelled to reverse the judgment.

Reversed at appellee's costs, with instructions to the court below to dismiss the case unless the complaint be amended so as to state a good cause of action.

Filed May 13, 1884.

## ON PETITION FOR A REHEARING.

ELLIOTT, C. J.—In the brief of the appellee on the petition for a rehearing, it is argued that the complaint is good for special damages, and it is tacitly conceded that it was not sufficient to entitle appellee to recover the statutory penalty. We think it is clearly demonstrated in the opinion heretofore filed that the complaint shows that no special damages were sustained, and, if this be true, there is, of course, no right of action.

It is plain that the theory of the complaint was that the appellee was entitled to the statutory penalty, and it is evident from its whole scope and tenor that the pleader intended to present a cause of action upon that theory, and no other. The object of pleading is to present, in a distinct and definite form, questions of fact for trial, and this object can not be accomplished unless parties are required to state positively the facts upon which they rely, and in accordance with a distinct, definite and controlling theory. If ambiguous pleadings are tolerated, no issue can be framed which will present in an intelligible form questions for trial, and perplexity and confusion will necessarily result. It is no great hardship to require obedience to rules of pleading and logic, and not to do so will result in the evil of leaving disputants without a direct issue, and the courts without the means of determining the compentency or relevancy of evidence. In order to bring the parties to an issue, it is necessary to require them to make their pleadings conform to some definite theory, and to be sufficient upon that theory. The theory is to be determined from the general scope and averments of the pleading, and not from isolated or detached averments. Our cases have steadily maintained the rule that a pleading must proceed on a definite theory, must be good on that theory, and must be judged by its general tenor and scope. *Western Union Tel. Co.* v. *Young*, 93 Ind. 118; *Mescall* v. *Tully*, 91 Ind. 96; *Platter* v. *City of Seymour*, 86 Ind. 323; *Johnston* v. *Griest*, 85 Ind.

503; *Jackson School Tp.* v. *Farlow,* 75 Ind. 118; *Neidefer* v. *Chastain,* 71 Ind. 363, S. C., 36 Am. R. 198; *Kimble* v. *Christie,* 55 Ind. 140.

A complaint for the recovery of a penalty must be good for that purpose, and not for some other, since to rule otherwise would put it in a plaintiff's power to make an elastic pleading, changeable to meet the exigencies of his case. Of course, causes of action may be stated in different paragraphs, but in such cases each paragraph must be complete in itself. The cause of action under discussion is set forth in a single paragraph, and was framed on a single theory, and it can not be controlled by the isolated averment which it is now claimed makes it good on another and distinct theory.

The appellee did not file a brief until after the cause had been decided, and the long established rule would have warranted us in disregarding the points made on the petition, but, under the peculiar circumstances of the case, we have deemed it proper to except it from the operation of the rule.

Petition overruled.

Filed June 7, 1884.