Cottrell *et ux. v.* Ætna Life Insurance Company.

No. 11,056.

## COTTRELL ET UX. *v.* ÆTNA LIFE INSURANCE COMPANY.

PRACTICE.—*Exception.—Receiver.*—Where no exception is taken to a judgment appointing a receiver, the matter can not be questioned in the Supreme Court.

PLEADING.—*Complaint.—Exhibits.—Reforming Instrument.*—A complaint to reform a written instrument, which does not contain or exhibit the original or a copy of the instrument, is bad on demurrer.

SAME.—*Demurrer.*—A complaint sufficient for some relief is not bad because not sufficient for all the relief prayed.

SAME.—*Construction.—Theory.*—When it appears by the prayer and whole tenor of a pleading, that it was formed on a definite theory, and it is insufficient on that theory, it will be held bad on demurrer, though the facts averred may be sufficient upon a different theory.

SUPREME COURT.—*Transcript.—Motion.—Bill of Exceptions.*—A motion to discharge a receiver, which is not copied into the bill of exceptions, but appears elsewhere in the record, and a reference thereto is made at the proper place in the bill, is not properly in the record.

From the Superior Court of Vigo County.

*W. W. Rumsey,* for appellants.

*N. G. Buff, J. T. Pierce* and *A. M. Black,* for appellee.

HAMMOND, J.—This was an action by the appellee against the appellants for the foreclosure of a mortgage and the appointment of a receiver. An answer and a cross complaint were filed by the appellants. The appellee's demurrer was sustained to the cross complaint. A trial by the court resulted in a finding and decree of foreclosure, and the appointment of a receiver.

The appellants assign for error that the court below erred in appointing a receiver, and in sustaining the demurrer to their cross complaint, and that the appellee's complaint does not state facts sufficient to constitute a cause of action.

No exception was taken in the court below to the appointment of the receiver, and no question, therefore, in reference to such appointment is before us. It is well settled that if

an exception is not taken in the trial court to the ruling, order or judgment complained of, the decision can not be reviewed by this court. 2 Works Pr., sections 1071-2.

The appellants in their cross complaint asked for a reformation of the mortgage sued upon, claiming that, by the fraud of the appellee, it did not correctly express the agreement of the parties. A complaint, cross complaint or counter-claim to reform a written instrument, is insufficient upon demurrer, if such instrument, or a copy of it, is not filed with the pleading. *Plowman* v. *Shidler*, 36 Ind. 484; *Campbell* v. *Routt*, 42 Ind. 410; *Branham* v. *Johnson*, 62 Ind. 259.

The appellants did not file with their cross complaint the original or a copy of the mortgage, and for this reason, if for no other, the demurrer was properly sustained.

No objection is urged against the appellee's complaint, except that it is not sufficient to authorize the appointment of a receiver. But it is sufficient for the foreclosure of the mortgage declared upon. This would have made it good upon demurrer, and, with greater reason, it must be held sufficient as against an attack made for the first time in this court.

After the appellants filed their appeal bond, their motion was made and sustained to discharge the receiver. The appellee has assigned cross error calling in question the correctness of this ruling. The motion to discharge the receiver is copied in the transcript, but not in the bill of exceptions, at the place designated for it. Reference is there made to the place in the record where it is copied. Instead of this reference, it should have been copied at its proper place in the bill of exceptions, and, this not having been done, it forms no part of the record. *Crumley* v. *Hickman*, 92 Ind. 388, and authorities there cited. Not being properly in the record, the ruling on the motion to discharge the receiver can not be considered by this court.

Affirmed, at appellants' costs.

Filed Sept. 18, 1884.

## ON PETITION FOR A REHEARING.

HAMMOND, J.—Upon petition for a rehearing, appellants call our attention to an averment in their cross complaint to the effect that the mortgage referred to had never been delivered.

It is plain from the whole tenor of the cross complaint, as well as from its prayer for relief, which asks only for the reformation of the mortgage, that it was the intention of the pleader to make a case only for such reformation. The sufficiency of a pleading should be determined from its general scope and averments which develop the theory upon which it is based. Isolated and detached allegations, which are not essential to support its main theory, should be disregarded.

The theory of the pleader having been ascertained, and the pleading being insufficient for the purpose for which it was designed, it can not be held good for some other purpose. This question was fully considered by this court in the opinion delivered by ELLIOTT, C. J., in overruling the petition for a rehearing in *Western Union Tel. Co.* v. *Reed*, 96 Ind. 195, and the conclusion was there reached, " that a pleading must proceed on a definite theory, must be good on that theory, and must be judged by its general tenor and scope." See, also, the authorities there cited.

The petition for a rehearing is overruled.

Filed Nov. 19, 1884.