Filed April 1, 1885.

---

No. 12,004.

## BREMMERMAN ET AL. *v.* JENNINGS ET AL.

FRAUDULENT CONVEYANCE.—*Answer.—Deed.—Delivery.*—An answer to a complaint to set aside a conveyance alleged to be fraudulent as to creditors, alleging that the deed was drawn up in the name of the debtor as grantee; that it was never delivered; that the grantor intended to make a gift of the land to his daughter, the wife of the debtor, and that at his daughter's solicitation he made another deed conveying the land to her, is good.

SAME.—*Husband and Wife.*—A husband has a right as against creditors to join in a conveyance to a trustee for his wife, in order to correct a mistake and clear up her title.

PRACTICE.—*Reference to Master Commissioner.—Exceptions to Report.*—It is not error to permit a party to file additional exceptions to the report of a master commissioner after it is returned into court.

SAME.—*Finding of Master Commissioner.—Effect of.*—The finding of the master commissioner does not conclude the court in cases where the evidence is properly reported. In such cases the court may disregard the master's finding and act upon the evidence reported by the master.

| | |
|---|---|
| 10? | 253 |
| 129 | 362 |
| 101 | 253 |
| 132 | 482 |
| 101 | 253 |
| 137 | 473 |
| 101 | 253 |
| 140 | 622 |
| 141 | 699 |
| 101 | 253 |
| 146 | 173 |
| 101 | 253 |
| 154 | 46 |
| 101 | 253 |
| 159 | 482 |
| 101 | 253 |
| 169 | 642 |

DEED.—*Delivery.—Acceptance.—Recording.*—It is essential to the valid de-
livery of a deed that it should be accepted by the grantee, and if the
deed is beneficial to the grantee and is recorded, an acceptance will be
presumed, but this presumption may be rebutted.

PLEADING.—*Practice.*—A plaintiff must recover upon the theory of the
case on which his complaint proceeds or he can not recover at all.

EVIDENCE.—*Admissions of Husband.*—The declarations of a husband that
he is the owner of land claimed by his wife are admissible upon the
question of his credibility as a witness, but they do not bind the wife.

From the Tipton Circuit Court.

*S. J. Peelle, W. L. Taylor, G. Shirts* and *W. R. Fertig,* for
appellants.

*J. Stafford* and *T. E. Boyd,* for appellees.

ELLIOTT, J.—The appellants' complaint alleges that the
appellee Joseph L. Jennings was the owner of real estate,
of which a description is given, on the 29th day of April,
1876, and on that day became indebted to John Holloway in
the sum of four hundred dollars; that before the debt became
due the notes evidencing the debt were assigned to the plain-
tiffs; that on the 8th day of May, 1876, Joseph L. Jennings
and his wife Elizabeth J. Jennings conveyed the land to
Benjamin Sturdevant, and he on the same day conveyed it to
Elizabeth J. Jennings without any consideration, and that
both of the conveyances were executed and accepted for the
purpose of defrauding the creditors of Joseph L. Jennings.
It is also alleged that judgment was obtained upon the notes,
and that the debtor had not at the time conveyances were
made, nor at the time the action was instituted, sufficient
property subject to execution to pay his debts.

The second paragraph of the joint answer of the appellees
alleges that Elizabeth J. Jennings is the daughter of Benja-
min Sturdevant; that the latter, being desirous of conveying
to her, in consideration of love and affection, the land, signed
a deed purporting to convey the land to her husband, Joseph
L. Jennings, on the 1st day of January, 1868, and caused the
same to be recorded; that soon after the signing and record-

ing of the deed, and before it was delivered, the grantor learned that his daughter desired to hold the title to the land herself, and "hence," as the answer states, "the deed was never delivered to Joseph L. Jennings, but remained" in the grantor's possession; that in 1866 the grantor had actually given the land to his daughter, and she had entered into possession of it. The answer also alleges that the deed to the husband was made without the consent of the wife, and the conveyance was finally executed to her for the sole purpose of vesting her with title, and not for the purpose of defrauding the creditors of her husband.

The answer is good. It is sufficient to state one reason for this conclusion, although there are others, and that reason is this: It fully appears that the deed made in 1868 was never delivered to Joseph L. Jennings, and he was, therefore, never the owner of the land, and if not the owner it was not subject to seizure for the payment of his debts, nor could he have made a fraudulent conveyance of it, nor was it fraudulent for him to join in a deed merely clearing up his wife's title and giving her a clear title of record to what was already hers.

The issue joined between the parties was referred to a master commissioner, and he reported a finding favorable to the appellants. Exceptions to the finding were filed before the master, and when the report came into court the appellees were allowed to file additional exceptions. There was no error in permitting these additional exceptions to be filed. The reference to the master did not abridge the power of the court to take such steps as should secure a just result, and it was entirely proper to permit the filing of such exceptions as enabled the parties to present the merits of the controversy for review.

Counsel for appellants are in error in assuming that the finding of the master concluded the court. The ultimate decision of all questions of fact, as well as of law, must be made by the court in chancery cases. The court, to be sure, may adopt the finding of the master, but is not bound to do so.

Where, as here, the evidence is properly reported, and the correctness of the master's finding is challenged by proper exceptions, the court must review the evidence, and if the finding is erroneous disregard it, and pronounce the proper decision. The report of the master is in its nature advisory, and may be used to assist the court, but not to conclude it. In the trial court, the presumption should be that the finding of the master is correct, but if the trial court adjudges it erroneous the presumption goes down. *McKinney* v. *Pierce,* 5 Ind. 422.

The act of Sturdevant in placing the deed to Joseph L. Jennings on record worked no estoppel in favor of the appellants. That act did, it is true, make a *prima facie* case in their favor upon the question of delivery, but it did no more, and this *prima facie* case was explained by the evidence. It is essential to the delivery of a deed that there should be an acceptance by the grantee; a delivery does, indeed, import an acceptance, and the evidence here shows no acceptance. It can not be presumed that Joseph L. Jennings accepted the deed, and thus divested the prior rights of his wife, and we know of no rule that will permit his creditors to insist that he shall treat the delivery as valid, to her prejudice and their gain.

The conveyance by the husband to the wife through the medium of her father to clear up her title was not a recognition by the former of the validity of the deed to him. If the wife entered into possession under a gift from her father, although the gift was by parol, she had such a prior right to the land as justified the husband in securing to her a perfect title by removing the appearance of title created by the deed executed to him by the father of his wife. The husband's creditors have no such rights as will force the defeat of the father's purpose to make his daughter a gift and take from her the fruits of her father's bounty.

The complaint does not proceed on the theory that Mrs. Jennings suffered her husband to be held out to the world as

Bremmerman *et al. v.* Jennings *et al.*

the owner of the property, and that credit was given him on the faith that he was such owner. The theory of the pleading is that the husband was the owner of the land and conveyed it to his wife for the purpose of defrauding his creditors. It is well settled that a complaint is to be judged from its general scope and tenor, and that it must proceed on a definite theory, and be sufficient on that theory, or it will not be good at all. *Western Union Tel. Co.* v. *Reed,* 96 Ind. 195, see p. 198; *Cottrell* v. *Ætna L. Ins. Co.,* 97 Ind. 311; *City of Logansport* v. *Uhl,* 99 Ind. 531. A plaintiff can succeed upon the case made by his complaint, and not upon a different one; his evidence must prove the substance of the issue tendered by his pleading, or he will fail, no matter what else he may prove. *Hannon* v. *Hilliard, post,* p. 310.

The statement of Joseph L. Jennings that he was the owner of the land could not impair the rights of the wife. Such statements went to the question of his credibility as a witness, but they did not preclude his wife from asserting her ownership of the land. There was no issue made that she had lost her rights by estoppel; the only issue was whether she participated in a fraudulent conveyance, executed for the purpose of defeating the creditors of her husband.

There is certainly no evidence of any fraudulent act on her part, nor of any guilty knowledge of a fraudulent intent on the part of any one else, so that the question was narrowed to this, Was she a mere volunteer? In our opinion the evidence shows that she was not a volunteer, but that she had, if not a legal estate in the land, at least an equitable one, which her husband had a right to join in protecting.

Our conclusion is that there is evidence fairly sustaining the finding of the trial court, and that, under long settled rules, we can not disturb it.

Judgment affirmed.

Filed March 31, 1885.