The State, ex rel. Watson, v. The Board of Commissioners of Knox County.

Filed April 10, 1885.

---

No. 11,946.

THE STATE, EX REL. WATSON, v. THE BOARD OF COMMIS-
SIONERS OF KNOX COUNTY.

MANDAMUS.—*County Commissioners.*—Mandamus will lie against the board of commissioners to compel the performance of a duty specifically imposed by law.

SAME.—*Railroad.*—*Tax in Aid of.*—It is not the duty of the board of county commissioners to cause a tax levied in aid of a railroad company to be placed upon the tax duplicate, and mandamus will not lie.

From the Knox Circuit Court.

*F. W. Viehe, M. J. Niblack, G. G. Reily, W. C. Niblack, W. H. De Wolf* and *S. N. Chambers,* for appellant.

*W. A. Cullop, G. W. Shaw* and *C. B. Kessinger,* for appellee.

ELLIOTT, J.—The complaint of the relator alleges that he is a freeholder of Vincennes township, Knox county, and that he united with twenty-five other freeholders named, in a petition to the board of commissioners, praying that an election be ordered in that township to take the sense of the voters on the question of subscribing for the township the sum of $90,000 to the capital stock of the Vincennes and Ohio River Railroad Company, a corporation duly organized under the laws of Indiana, for the purpose of aiding it in constructing its railroad through the township; that the board of commissioners took the petition under advisement, and afterwards, on the 8th day of March, 1883, ordered that

an election should be held on the 26th day of April, 1883; that the commissioners also ordered that notice of the election should be published for four successive weeks in a newspaper of general circulation, and by posting printed handbills. It is further alleged that notices were given as ordered; that the election was held at the time designated; that a majority of the votes were cast in favor of making the appropriation; that due returns were made and the necessary certificates properly filed, and that the board of commissioners examined the returns and certificates at the June session, 1883, and decided that the majority of the voters had cast their votes in favor of the appropriation, but ordered that the matter be continued for the reason that the railroad had not been permanently located through Vincennes township. It is still further alleged that the company did file a map and profile of its road as permanently located in the township, on the 1st day of June, 1884, and that George F. Montgomery petitioned the board at its regular session in June, 1884, to place one-half of the amount of the tax authorized by the voters upon the tax duplicate, and that the board rejected the petition. The prayer of the complaint is as follows: " Wherefore plaintiff prays that an alternative writ issue from this court against said board of commissioners requiring said board to show cause why said tax should not be placed upon the tax duplicate; and, upon the final hearing, that said board of commissioners be required and ordered by the proper mandate of this court to place said tax upon the tax duplicate, and for all other proper and necessary relief in the premises."

The theory of the complaint, evidenced by its frame and tenor as well as by its prayer, is that the board is charged with the duty of causing the tax to be placed upon the duplicate, and that it has refused to perform this duty. The petition filed by Montgomery asked the board to cause the tax to be entered on the duplicate, and asked nothing more, and this was the act which the board refused to perform. The

complaint, therefore, proceeds on a definite theory, and the question for our decision is, whether it is sufficient on the theory upon which it is constructed. *Johnston* v. *Griest*, 85 Ind. 503; *City of Logansport* v. *Uhl*, 99 Ind. 531; *Cottrell* v. *Ætna L. Ins. Co.*, 97 Ind. 311, *vide* p. 313; *Western Union Tel. Co.* v. *Reed*, 96 Ind. 195.

A mandate will lie against an inferior tribunal to enforce performance of a specific duty, but it will not lie where there is no specific duty enjoined upon the tribunal by law. If, therefore, the law enjoins upon the board of commissioners the duty of causing the tax to be placed upon the duplicate, then this suit is well brought; if not, then it can not be maintained.

We have carefully searched the statutes respecting the assessment of taxes to aid railroads, but have been unable to find any provision making it the duty of the board of commissioners to cause the tax to be placed upon the duplicate. It is evident that counsel for the relator have also made a thorough search, and have discovered no provision upon the subject. They call our attention to special statutory provisions directed to particular subjects, and ask us to extend them to cases like this, but this we can not do without a plain violation of settled rules.

We think it is the auditor of the county, and not the board of commissioners, who is charged with the duty of placing the tax upon the duplicate. It is the duty of the board to make levies and assessments, and when this duty is performed it is the duty of the auditor to place the tax upon the duplicate of the county according to law. It is not averred that the board did not do its duty in levying or assessing the tax, and, as is the case with all public officers, the presumption is that the commissioners did their duty. The only failure shown by the complaint is that of the auditor, not that of the commissioners, and against the latter this action can not be maintained. Judgment affirmed.

NIBLACK, J., did not take part in the decision of this cause.

Filed April 8, 1885.