No. 15,940.

BATMAN *v.* SNODDY.

DEED.—*Procuring of by Fraud.—Action to Recover Damages.— Unsoundness of Mind of Grantor.—Complaint.*—In an action to recover damages on the ground that a deed was procured by fraud, a paragraph of complaint is bad which proceeds upon the theory that the intestate, at the time of the execution of the deed, was by reason of age and infirmity of unsound mind, and that he would not have executed the same had he been of sound mind, but which fails to state any facts showing that the intestate was of unsound mind at that time or incapable of contracting.

SAME.—*Instruction to Jury.*—An instruction to the jury that "if you find from the evidence that S. was, at the date of making said deed, a person of sound mind and capable of transacting his business you will find for the defendant," contained a correct statement of the law.

SAME.—*Conveyance to Son.—Gift.*—A person of sound mind may convey his land to his son for a lawful consideration, or as a gift if he desires.

PLEADING.—*Proceeding Upon Different Theories.—Right of Court to Choose.*— If a paragraph of complaint proceeds upon more than one theory, the court has the right to construe the paragraph as proceeding upon the theory most apparent and most clearly outlined by the facts stated and require the case to be tried upon one definite theory.

From the Monroe Circuit Court.

*J. H. Louden, W. P. Rogers, H. C. Duncan, J. R. East* and *W. H. East,* for appellant.

*R. A. Fulk* and *E. Corr,* for appellee.

OLDS, J.—The appellant's intestate was the owner of a tract of land in his lifetime, which he conveyed to his son, William H. Snoddy, the appellee. The appellant filed his complaint in this action in two paragraphs. A demurrer for want of facts was sustained to the first and overruled as to the second paragraph. Appellant excepted to the ruling in sustaining the demurrer to the first paragraph. Issues were joined on the second paragraph, and a trial had resulting in a finding and judgment for appellee. A motion for a new trial was filed and overruled, and exceptions taken. Errors are assigned and discussed on the rulings of the court in sustaining the demurrer

to the first paragraph of the complaint and overruling the motion for a new trial.

By each paragraph of the complaint the appellant seeks to recover damages on the ground that the deed was procured by fraud.

The second paragraph proceeds upon the theory that the intestate, at the time of the execution of the deed, was, by reason of age and infirmity, of unsound mind, and that the deed was procured by fraud, and that he would not have executed the same had he been of sound mind.

The first paragraph proceeds upon the same theory, but no facts are stated showing that the intestate was of unsound mind or incapable of contracting, and the paragraph is clearly bad and the demurrer to it was properly sustained. The only reason assigned that the ruling on the motion for new trial is erroneous is the giving of the tenth instruction, as follows:

" 10. If you find from the evidence that Samuel Snoddy was at the date of making of said deed, September 28,1887, a person of sound mind and capable of transacting his business you will find for the defendant."

This instruction was correct. It is urged on the part of counsel for appellant that there are two causes of action stated in the second paragraph and that the paragraph proceeds upon two theories, one that the intestate was so aged and enfeebled in body and mind that he was subject to the influence of his son, and that he was so influenced by the fraud of the appellee to execute the deed; also, that it states a cause of action on the grounds that he, the intestate, was of unsound mind and incapable of contracting or making a deed. We fail to discover the distinction, and even if such a distinction existed as that the paragraph stated facts making it good upon either theory, as contended by counsel, the court had the right to construe the paragraph as proceeding upon the theory

which was most apparent and most clearly outlined by the facts stated and require the case tried upon one definite theory.   If parties desire to present a cause of action on different theories they must plead in separate paragraphs, confining each paragraph to a distinct theory.

If the intestate was of sound mind when he made the deed he had the right to convey his land to his son for any lawful consideration, or as a gift if he so desired. *First National Bank of Indianapolis* v. *Root,* 107 Ind· 224; *Louisville, etc., R. R. Co.* v. *Thompson,* 107 Ind. 442; *Henry* v. *Stevens,* 108 Ind. 281; *Chicago, etc., R. R. Co.* v. *Bills,* 104 Ind. 13; *Purcell* v. *English,* 86 Ind. 34; *Bremmerman* v. *Jennings,* 101 Ind. 253; *Weis* v. *City of Madison,* 75 Ind. 241; *Bingham* v. *Stage,* 123 Ind. 281.

There is no error in the record.

Judgment affirmed with costs.

Filed Oct. 26, 1892.