## TIBBET *v.* ZURBUCH.

[No. 2,039.    Filed Feb. 15, 1899.    Rehearing denied May 12, 1899.]

CONTRACTS.—*Bills and Notes.*—Suit was brought on a contract whereby defendant assumed and agreed to pay a certain $250 note executed by plaintiff.    The contract referred to a bill of sale in which the consideration for the purchase of a stock of goods by defendant from plaintiff is stated as being $1,912, but there was no such statement in the contract.    The consideration expressed in the contract sued on was certain notes and rent due, amounting to $1,912, and the note of $250 described in the complaint.    *Held,* that the agreement to pay the $250 note was not without consideration.    *pp. 354. 360.*

INSTRUCTIONS.—*Bills and Notes.*—*Action on Contract Assuming Payment of Note.*—Where a complaint in an action on a contract in which defendant had assumed the payment of a certain note executed by plaintiff, proceeded upon the theory that plaintiff had paid the note, an instruction to the effect that plaintiff could recover whether he had paid the note or not is erroneous.    *pp. 360-364.*

ACCOUNT.—*Action On.*—*Complaint.*—*Bill of Particulars.*—*Exhibit.*— A complaint charging that defendant is indebted to plaintiff in a certain sum for goods and merchandise, consisting of a general stock of merchandise, sold in bulk for a certain sum, without inventory or itemized statement of the different articles constituting the stock having been made, and that defendant sold the goods to different persons at retail, and paid the amount promised, except the sum sued for, states a good cause of action on the *quantum meruit* for goods sold and delivered, and shows a valid excuse for not filing a bill of particulars as an exhibit.    *p. 364.*

From the Allen Superior Court.    *Reversed.*

*Breen & Morris* and *Colerick & France,* for appellant.

*Zollars & Worden* and *Chester Holder,* for appellee.

WILEY, J,—Appellee was plaintiff below, and bottomed his action upon the following contract:    "In consideration of the sale and delivery to me of the stock of goods and per-

sonal property by George Zurbuch as evidenced by his bill of sale therefor to me given, the consideration thereof being stated as $1,912, I agree to and with the said George Zurbuch to assume the payment of the following described notes: Three notes dated January 16, 1888, calling for $500 each and executed to Solomon Rothschild by said George Zurbuch, Francis J. Zurbuch and Harmon Tibbet as security; and one note dated October 23, 1888, for $500, by the same payors to Solomon Rothschild, there being due $1,887 on January 19, 1890, on said notes. And I further agree to pay William Pieper, of Avilla, Indiana, the sum of $25 for rent due from said Zurbuch on December 22, 1889. I also further agree to assume the payment of one note of $250 dated October 14, 1889, given by said George Zurbuch to Barney Tibbet. Witness my hand December 14, 1889. Harmon Tibbet. By Barney Tibbet." The sole purpose of this action was to collect the last described note of $250, which note is as follows: "$250. Oct. 14, 1889. One day after date, I promise to pay to the order of Barney Tibbet at New Haven, Ind., two hundred and fifty dollars. Value received, without any relief from valuation or appraisement laws, with interest at seven per cent. per annum, until paid, and attorney fees. The drawers and indorsers severally waive presentment for payment, protest, and notice of protest, and nonpayment of this note. George Zurbuch."

The complaint upon which the case was put at issue and tried was in three paragraphs, and as the appellant has made a vigorous attack upon each paragraph, as not being sufficient, we deem it essential to state with some detail the material and important averments. The first paragraph avers the sale and delivery by appellee to appellant of a certain stock of goods for and in consideration of $2,187; that at the time of said sale, appellant, by his written agreement, and as a part of the consideration for said stock, assumed the payment of certain notes described in said agreement, which appellee had given to one Solomon Rothschild, and

also assumed thereby the payment of one note for $250, given by appellee to one Barney Tibbet, with seven per cent. interest and attorney's fees; that appellee turned over and delivered to appellant said stock of goods, and that appellant has violated his said agreement in that he has failed and refused and still refuses to pay said note of $250, together with the interest and attorney's fees, that after the maturity of said note, appellee was compelled to pay, and has paid said note, to his damage, etc.    The second paragraph avers that appellant is indebted to appellee in the sum of $400 for goods, merchandise, etc., sold by appellee to appellant December 14, 1889; that said goods, etc., consisted of a general stock of merchandise; that the same was sold in bulk, without an inventory or itemized statement of the different articles constituting said stock having been made; that appellee sold the same to appellant for the lump sum of $2,187; that soon after said sale, appellant sold them to one Barney Tibbet, who sold said goods at retail to different purchasers, by reason of which appellee was unable to furnish a bill of particulars of said goods.    It is then charged that appellant paid to appellee the amount he promised to pay for said stock of goods, except $400, for which sum he demands judgment.    The third paragraph avers the sale of a stock of goods by appellee to appellant in bulk for $1,912. It is then charged, as in the first paragraph, that as a part of the consideration, appellant assumed by written agreement to pay certain notes, executed by appellee, including a note for $250, which appellee had given to one Barney Tibbet; that appellant has not kept his said agreement, in that he has not paid said $250 note; and that he has allowed said Barney Tibbet, the payee of said note, to retain it unpaid.    It is further charged that on October 26, 1891, appellee brought an action in the superior court of Allen county, to recover from said Barney Tibbet money which he at the time owed appellee; that said Barney Tibbet, then having in his possession said note, pleaded the same as a set-off, including interest

and attorney's fees, in the sum of $315; that said cause was tried in May, 1892, and the amount of said note, interest and attorney's fees, being $315, was by the court and jury trying said cause deducted from the amount found due appellee from said Tibbet, and thereby reduced the amount of his recovery in that sum, whereby appellee was compelled to, and did, pay said note, wherefore he was damaged, etc.

The agreement of appellant, heretofore set out, is made an exhibit to the first and third paragraphs of complaint. A demurrer to each paragraph of the complaint was over-ruled, and an exception reserved. Appellee answered in five paragraphs. The first was a general denial. The second paragraph purports to answer only the second paragraph of complaint, and avers simply that the contract of purchase by him of appellee of the stock of goods, and also all negotiations relating thereto, were in writing, and said written agreements are made exhibits. The same instrument that is made an exhibit to the first and third paragraphs of complaint is one of the exhibits to this paragraph of answer, and the other is the bill of sale executed by appellee to appellant of the stock of goods. The third paragraph of answer also goes to the second paragraph of complaint, and it is therein averred that appellant paid appellee for all the goods etc. purchased of him, by the execution of the written obligation made an exhibit to the complaint, which it is charged was accepted by appellee in full settlement, etc. The fourth paragraph of answer is addressed to the first and third paragraphs of complaint, and it is therein averred that before this action was commenced, appellee did agree to pay the $250 note, mentioned in the agreement; that long-prior to the institution of this action, he held, treated, and regarded said note as paid on account of a much greater indebtedness existing in favor of appellant and against said Barney Tibbet than the amount of said note, but that there was no actual delivery or surrender of said note to appellant until April 4, 1895, when the same was surrendered by said Barney and

delivered to appellant as paid, and that said note was never paid by appellee at any time. The fifth paragraph of answer is addressed to the third paragraph of complaint, in which appellant admits all the facts charged in said third paragraph of complaint, except such as he specifically denies; that he did assume the payment of said $250 note, but that prior to the institution of this suit, the same was paid by a mutual outstanding indebtedness between appellee and said Barney Tibbet, on account of which a large sum was due appellant over and above the amount of said note; that on April 4, 1895, said note was by said Barney surrendered and delivered to appellant; that the cause of action as set out between appellee and said Barney was so instituted in said court and so tried in May, 1892, and that the said Barney did plead said note as a set-off in said action, and offered the same in evidence, appellee having pleaded payment thereof; that said note was not taken into consideration by the jury in fixing and determining their verdict, and that the judgment in said cause in no manner involved said note, etc.

A demurrer was addressed to the second, third, fourth, and fifth paragraphs of answer, and sustained as to the fourth and overruled as to the others. A reply in general denial closed the issues, and upon trial by jury a general verdict for $1 was returned for appellee, and with the general verdict the jury returned answers to special interrogatories. Appellee moved the court for judgment in his favor for $346 on the answers to interrogatories, notwithstanding the general verdict, which motion was sustained. Appellant's motion for a new trial was overruled, and he has assigned errors in ten specifications. The first, second, and third challenge the overruling of the demurrer to each paragraph of the complaint; the fourth, the sustaining of the demurrer to the fourth paragraph of answer; the fifth, the sustaining of appellee's motion for judgment; the sixth, in rendering judgment for appellee, and the seventh in overruling appellant's

motion for a new trial. Some of the errors assigned are waived by appellant's failure to discuss them, and we will consider only those to which our attention has been called, both in oral argument and in the briefs.

We will take up the questions in the order in which appellant has discussed them, and this brings us first to the consideration of the third paragraph of the complaint. Appellant argues that the agreement upon which appellee sued, shows on its face that the consideration therein expressed is $1,912, as follows, the amount due on the Rothschild's notes, $1,887, and $25 for rent; and that therefore there was no consideration for the agreement to pay the additional $250 note that appellee owed to Barney Tibbet. It is also further argued that, though there is no averment to that effect, it must be presumed that appellant has paid the Rothschild's notes and the rent, and having paid the entire sum as expressed in the agreement as the consideration, he was under no obligation to pay the additional sum evidenced by the Barney Tibbet note. Appellant has not cited us to any authorities in support of the objections urged, and we have given the substance of their argument in support thereof.

The contract sued on refers to a bill of sale in which the consideration for the purchase of the stock of goods by appellant from appellee is stated as being $1,912, but there is no such a statement in the contract. The consideration expressed in the agreement sued on was the assumption by appellant to pay certain indebtedness of appellee, to wit, $1,887 to Rothschild, $25 rent, and the specific note of $250, described, to Barney Tibbet. We are unable to see why the obligation resting upon appellant to pay the $250 note, under his agreement, is not as binding upon him as his promise to pay the $1,887 to Rothschild, and the $25 rent. The one promise is as binding as the other, and we do not know of any rule of law by which we can single out of the agreement any particular sum embraced in it and say that it is founded upon a valuable consideration, and any other sum,

and say there is no consideration for it.    There is no contention by appellant that he did not receive all the consideration for which he contracted.    There was no legal inhibition against appellant assuming to pay the $250 note, and by that assumption it became his original debt.    The court did not err in overruling the demurrers to the first and second paragraphs of the complaint.

In his motion for a new trial, the appellant assigned 222 reasons, and the next question discussed by him is the alleged error arising under the 212th reason for a new trial, which is:    "The court erred in giving instruction number fifteen (15) as asked by the plaintiff and as modified by the court." That instruction is as follows:    "If you believe from the evidence that in December, 1889, the plaintiff Zurbuch, sold to the defendant Harmon Tibbet, a stock of goods, and as a part of the consideration for the same, and in the way of part payment for the same, said Harmon Tibbet agreed to assume and pay a note of $250, dated Oct. 14, 1889, due one day after date, bearing seven per cent. interest, executed by said George Zurbuch, and payable to Barney Tibbet, and that said Harmon Tibbet has failed and neglected to pay said note, then the plaintiff is entitled to recover from said defendant Harmon Tibbet, the amount of said note with interest according to its terms, at the present time, whether said Zurbuch has paid said note himself or not."    We should first consider this instruction in the light of the issues.    The first and third paragraphs of the complaint, it seems to us, proceed upon the theory that appellant is liable under his agreement to respond in damages to appellee upon two grounds:    (1)    Because appellant had not performed his contract by paying the $250 note, and (2) because appellee had been compelled to, and did, pay it.    Appellant's alleged failure to pay the note, and his failure to reimburse appellee after he had been compelled to pay it, are the acts of which appellee complains.    In this instruction, the jury are told that appellee is entitled to recover, if the jury find that ap-

pellant assumed to pay the $250 note as a part of the consideration for the stock of goods, whether appellee had paid the note himself or not.    We must not lose sight of the fact that appellant's promise to pay the note did not relieve appellee from liability thereon.    As between appellee and Barney Tibbet, the contract expressed in the note was not affected or in any way impaired by the assumption of appellant to pay it.    As between appellant and appellee, when the former assumed and promised to pay the note, the relation of principal and surety was created, with appellant as principal and appellee as surety.    *Chaplin* v. *Baker*, 124 Ind. 385; Jones on Chattel Mortgages, section 740.

We must determine the theory of a pleading by its general scope and meaning, and the rule is firmly settled in this State that a pleading must proceed upon a definite and certain theory, and such theory will control to the end.    The complaint must be construed upon the theory which is most apparent and clearly outlined by the facts stated therein. *Pittsburgh, etc., R. Co.* v. *Sullivan*, 141 Ind. 83, 27 L. R. A. 840; *Jones, Treas.* v. *Cullen*, 142 Ind. 335; *Batman* v. *Snoddy*, 132 Ind. 480.    As was said by Comstock, J., in *Cleveland, etc., R. Co.* v. *Dugan*, 18 Ind. App. 435:    "As only one theory can be contained in a single paragraph, the court must construe the pleading most strongly against the pleader, and determine the theory from the prominent or leading allegations of the pleading."    In *Sanders* v. *Hartge*, 17 Ind. App. 243, this court said:    "It is of the highest importance to the administration of the law, that courts should adhere most tenaciously and strictly to this rule of pleading, which requires the pleader to be bound by his cause of action as stated by him.    Otherwise his adversary could have no assurance of the facts he would have to controvert to meet his attacks, and would be taken unaware in the forensic encounter at the bar."    In the recent case of *Richardson* v. *League*, 21 Ind. App. 429, the above language was quoted approvingly.    In *Toledo, etc., R. Co.* v. *Levy*, 127 Ind. 168,

Tibbet *v.* Zurbuch.

it was said: "A complaint can not be made elastic so as to bend to the changing views of counsel as the cause proceeds. It must proceed to the end upon the theory upon which it is constructed." It seems to us that the most prominent and leading averments of the first and second paragraphs of the complaint are those in which it is declared that the injury of which appellee complains resulted to him by appellant's failure to pay the $250 note, and that he was compelled to, and did, pay it himself.

There is a marked difference between the theory of proceeding to collect a note for the purpose of reimbursement for money paid for the use of appellant, and upon the theory that appellant is liable because he has not paid a debt which he assumed and agreed to pay. The complaint can not proceed upon both of these theories, and it seems plain to us that it is upon the former theory that the appellee must succeed, if at all, for that is the theory of his complaint. If he had proceeded upon the theory that the appellant was liable under his assumption, regardless of whether appellee had or had not been compelled to pay the note, the allegation that he had been compelled to pay it, was wholly unnecessary and has no place in the complaint. From the whole complaint (the first and second paragraphs) it seems clear to us that it proceeds upon the theory that appellee bottoms his right of recovery upon the ground that he has been compelled to pay a note which appellant assumed to pay, because of the latter's refusal to pay it, and a recovery is sought for the purpose of reimbursing appellee. It was therefore a material averment of the complaint that appellee had been compelled to pay the note himself, and it was vital to his right to recover that he prove such payment. Under appellant's assumption to pay the $250 note, which was an evidence of a debt appellee owed Barney Tibbet, what damage, we suggest, has he sustained if he himself has not been required to pay the debt? Under the authorities, there is no question but what Barney Tibbet could have proceeded directly

Tibbet *v.* Zurbuch.

against appellant on his assumption and recovered a judgment for the amount due, but so far as the record shows, he did not do that. See *Hinkle* v. *Hinkle*, 20 Ind. App. 384, and cases there cited.

While we can not look to the evidence to determine the theory of the complaint, we may consider it so far as it may throw any light upon the question to determine upon what theory appellee tried his case. Upon an examination of the record, we find that appellee attempted, by the introduction of much evidence, to establish the fact that he had paid the note in question. It seems to us that there can be no doubt but that this was the theory upon which he proceeded, and that it was the *gravamen* of his cause of action. Can he now shift, and say that he relied then and still relies upon the original agreement of assumption, regardless of the question as to whether he has or has not paid the note? We think not. If appellee had relied upon appellant's promise and his failure to pay the note, then his pleading would have been complete, as we have seen, without the averment that he had been compelled to pay, and his proof would have been ample by his establishing the first two material averments. But we cannot bring ourselves to the conclusion that appellee proceeded upon that theory; and construing the complaint as a whole, by its prominent and leading features, and most strongly against the pleader, we are led irresistibly to the conclusion that appellant relied upon the fact that he had been compelled to pay the note as a condition precedent to his right of recovery. Again, we have seen that as between appellant and appellee, by the former's assumption to pay the note, he became the principal and the appellee his surety, and hence appellee suffered no injury until he had paid the note. If our reasoning is correct, and we have no doubt of it, then the instruction quoted was radically erroneous, for which the judgment must be reversed. In so holding, we do not decide the question of appellee's right to recover upon appellant's assumption,

regardless of whether appellee has or has not paid the note, for that question, upon the theory of the complaint, is not presented.

Opposing counsel have discussed at great length and with marked ability other questions arising on an instruction given by the court, and upon sustaining appellee's motion for judgment on the answers to interrogatories, notwithstanding the general verdict; but as the same questions are not likely to arise on a subsequent trial, and as the judgment must be reversed, for the reasons given, we do not deem it necessary to decide them here.

As the foregoing discussion touching the sufficiency of the complaint relates solely to the first and third paragraphs, and as the sufficiency of the second paragraph is also challenged by demurrer, it is proper for us to say, that in our judgment the second paragraph is good.   It states a good cause of action upon the *quantum meruit*, for goods sold and delivered, and shows a valid excuse for not filing a bill of particulars as an exhibit.   As to the second paragraph, however, there was no evidence offered in support of it.   There was no error in overruling the demurrer to it.

Judgment reversed, with instructions to the court below to sustain appellant's motion for a new trial and for further proceedings not inconsistent with this opinion.

Black, J., did not take part in the decision of this case.