RIETMAN ET AL. *v.* BANGERT, BY HIS NEXT FRIEND.

[No. 3,371.    Filed April 2, 1901.]

PLEADING.— *Complaint.— Insufficiency of.— Definiteness.— Personal Injury.—*A complaint for injuries sustained by an alleged defective machine with which plaintiff was working in a planing-mill, for want of guards and rollers, is insufficient where it does not appear from the complaint that the injuries complained of were due to the want of guards or rollers, or because plaintiff was holding down the timber in the machine when the injury occurred, nor that it was negligence to allow plaintiff to hold the timber, and no fact is stated showing that there was danger incident to the work which plaintiff was performing, and the complaint does not state, except by way of recital, that guards were necessary to the safe operation of the machine, since the complaint is lacking in definiteness and in statement of facts as to negligence.

From the Vanderburgh Superior Court. *Reversed.*

*C. L. Wedding,* for appellants.

*F. B. Posey* and *D. Q. Chappell,* for appellee.

Comstock, J.—Appellee, by his next friend, brought this action against appellants to recover damages for personal injuries claimed to have been sustained by him while in the employ of appellants. A trial resulted in a judgment in favor of appellee for $3,500.

The first specification of the assignment of errors questions the sufficiency of the complaint. The second, the action of the court in overruling appellants' motion for a new trial. The objections urged to the complaint are that it has no settled nor definite theory and does not state facts upon which a cause of action can be predicated. The complaint is short. Omitting the names of the parties, we give it in full, as follows: "That the plaintiff is an infant under the age of twenty-one years, and under the age of fifteen years. That on the 3rd day of February, 1899, the said Benjamin H. Bangert was employed by the said defendants in a planing-mill owned and operated by the said defendants; that on said 3rd day of February, 1899, the said Benjamin H. Bangert was performing the duties of off-bearer on a certain machine owned and operated by the said defendants, and commonly known as the sticker. That as a part of the duties of the said Benjamin H. Bangert as said off-bearer, he was instructed to press and to hold down certain pieces of wood which were being run through the said machine; that while obeying said orders, and while holding down certain pieces of wood, the said plaintiff, Benjamin H. Bangert, without any negligence whatever on his part, had his hand caught in the bits of said machine and the same was badly torn and lacerated and all of his fingers on said hand and a part of the palm of said hand were torn away, thereby rendering the said Benjamin H. Bangert a cripple for life, which said injury was caused solely by the defective machinery aforesaid; that the defendants knowingly and negligently allowed the said machine to become unsafe and to remain out of repair in this, to wit, that there was no guard whatever around and over the said knives and bits of said machine to protect

the hands of the employes and operators from being caught and mangled in said machine. That there were no rollers on said machine to hold the said pieces of wood in the proper position, but the same had to be held down by hand, so that they would pass through said machine, and over the said bits in the proper manner; that said defendants were negligent in suffering said machine to become out of repair and in allowing this plaintiff, who is a child of the age of fifteen years, and inexperienced in the use and operation of such machines, as defendant well knew, to work about and off-bear the said machine, and said plaintiff had no knowledge that said machine was defective or that guards were necessary, because of his youth and inexperience. That prior to the 3rd day of February, 1899, the said plaintiff was employed by the said defendants to wheel blocks and shavings from said shop and mill and had never been employed as off-bearer on the said machine as aforesaid, and did not know the conditions of said machine, and had never had opportunity or training enough to know; that said plaintiff by reason of said injury has suffered great pain of both body and mind," etc. "Wherefore, plaintiff demands judgment," etc.

The machine referred to is not described in the complaint otherwise than as one commonly known as the "sticker"; the manner of its operation is not stated; it appears by way of recital that "knives and bits" were a part of it. The want of repair charges that there was no guard over the knives and bits to protect the hands of employes and operators from being caught; that there were no rollers to hold the pieces of wood in proper position, but the same had to be held down by hand so that they would pass through said machine and over the said bits in the proper manner. It does not appear that the appellee's injuries were due to the want of guards or of rollers, or because appellee was holding down the timber. It does not appear that it was negligent to allow appellee to hold the timber. It is averred that it

was negligent to suffer said machine to become out of repair and to allow the plaintiff, who was inexperienced in its use and operation, as defendants knew, to work about and "off-bear the said machine"; but there is no fact stated showing that there was danger incident to the work which plaintiff was performing. It is not stated, except by way of recital, that guards were necessary to the safe operation of the machine.

A pleading must proceed upon a definite theory. *Cleveland, etc., R. Co.* v. *Dugan,* 18 Ind. App. 435, and authorities there cited. That theory must be clear and manifest. Facts and not conclusions must be pleaded directly and not by way of recital. *Erwin* v. *Central Union Tel. Co.,* 148 Ind. 365; *Davis* v. *Clements,* 148 Ind. 605; *Nysewander* v. *Lowman,* 124 Ind. 584; *Jackson School Tp.* v. *Farlow,* 75 Ind. 118; *Lake Shore, etc., R. Co.* v. *Cincinnati, etc., R. Co.,* 116 Ind. 578; *Shafer* v. *Bear River, etc., Co.,* 4 Cal. 294; *Hall* v. *Williams,* 13 Minn. 260. The one in question is wanting in the certainty required under numerous decisions of this and the Supreme Court. The complaint is wanting in definiteness and in the statement of facts showing negligence upon the part of appellants resulting in appellee's injury.

The learned counsel for appellee refer to §7087h Burns Supp. 1897, Acts 1897, p. 101, in which it is provided that "all vats, pans, saws, planers, cogs, gearing, belting, shafting, set-screws and machinery of every description therein shall be properly guarded" by the owner or operator of any manufacturing establishment, and insist that under said statute the complaint is good. It is manifest that the pleader did not have the statute in mind in drafting the complaint, but, aided by its provisions, the complaint is still insufficient for the reasons stated.

It is not necessary to consider other alleged errors. Judgment reversed, with instruction to sustain the demurrer to the complaint.