# Oolitic Stone Company *v.* Ridge.

[No. 21,179.    Filed January 9, 1908.]

1. Pleading.—*Complaint.*—*Theory.*—A complaint must proceed upon some definite theory, and be good upon such theory, or it will be held insufficient upon demurrer. p. 641.

2. Same.—*Complaint.*—*Sufficient in Part.*—A complaint sufficient as to any of the relief demanded, is sufficient upon demurrer. p. 643.

3. Same.—*Complaint.*—*Theory.*—*How Determined.*—The theory of a complaint is determined from its general scope and tenor, and not from fragmentary statements, conclusions, or detached parts. p. 643.

4. Same.—*Complaint.*—*Two Theories.*—*Sufficiency.*—A complaint, sufficient upon either of two theories, is sufficient upon de-

murrer, though it is difficult to determine the theory upon which it proceeds. p. 643.

5. PLEADING.—*Complaint.*—*Theories.*—*Trial.*—*Appeal.*—Where the record fails to disclose upon which of two theories outlined in the complaint the trial court proceeded, the Supreme Court will determine the sufficiency of each by the general scope and tenor of the averments. p. 644.

6. SAME.—*Complaint.*—*Master and Servant.*—*Employers' Liability Act.*—*Common Law.*—A servant's complaint containing facts sufficient to constitute a cause of action against a manufacturing corporation, under section one of the employers' liability act (§8017 Burns 1908, Acts 1893, p. 294), or at the common law, will be held insufficient upon demurrer, where tried on the theory of a violation of such act, the same being unconstitutional as to the defendant. p. 645.

From Morgan Circuit Court; *Joseph W. Williams,* Judge.

Action by Andrew J. Ridge against the Oolitic Stone Company. From a judgment on a verdict for plaintiff for $4,000, defendant appeals. Transferred from Appellate Court under §1394 Burns 1908, subd. 2, Acts 1901, p. 565, §10. *Reversed.*

*Elmer E. Stevenson, Duncan & Batman* and *George W. Grubbs,* for appellant.

*George L. Reinhard, John A. Riddle, Watson & McGinnis* and *Gavin & Davis,* for appellee.

MONKS, C. J.—This action was brought by appellee to recover damages for personal injuries received by him while in the employ of appellant. A trial of said cause resulted in a verdict for appellee, and over a motion for a new trial judgment was rendered thereon against appellant.

The errors assigned call in question the action of the court in overruling (1) the demurrer to the amended complaint; (2) the motion for a new trial.

The theory adopted in the court below by the court and parties was that this action was under subdivision two of section one of the employers' liability act (Acts 1893, p. 294, §8017 Burns 1908). It was upon this theory that the trial

court instructed the jury that there could be no recovery by appellee, except under said employers' liability act.

It is claimed by appellant that the employers' liability act, except as applied to railroads, is in violation of the 14th amendment of the Constitution of the United States, and therefore the court erred in overruling its demurrer to the amended complaint, and its motion for a new trial.

It is urged by appellee that said "employers' liability act is valid and constitutional, and that even if this cause is to be determined on this appeal, on the theory that the case was instituted and prosecuted under said act, the judgment of the trial court should be affirmed." Since the briefs were filed in this case, this court, in *Bedford Quarries Co.* v. *Bough* (1907), 168 Ind. 671, held that said employers' liability act was unconstitutional and void, so far as it applied to corporations of the class to which the appellant belongs.

It is insisted, however, by appellee in his said brief, that said amended complaint, which is in one paragraph, stated a good cause of action at common law as well as under the employers' liability act in favor of appellee against appellant, and that therefore this cause should not be reversed, even if said act is unconstitutional as applied to appellant.

In *Mascall* v. *Tully* (1883), 91 Ind. 96, this court said: "It is an established rule of pleading that a complaint must proceed upon some definite theory, and on that theory

1. the plaintiff must succeed, or not succeed at all. A complaint cannot be made elastic so as to take form with the varying views of counsel. *Johnston* v. *Griest* [1882], 85 Ind. 503; *Platter* v. *City of Seymour* [1882], 86 Ind. 323; *Johnston, etc., Co.* v. *Bartley* [1882], 81 Ind. 406; *Judy* v. *Gilbert* [1881], 77 Ind. 96, 40 Am. Rep. 289; *Lockwood* v. *Quackenbush* [1880], 83 N. Y. 607; *Salisbury* v. *Howe* [1881], 87 N. Y. 128. The theory upon which the complaint is constructed is that the parol agreement transformed the deed from an absolute conveyance into an instru-

ment creating a trust, and as this theory is overthrown by the authorities the entire complaint is foundationless. This theory is the foundation of the complaint, and, as that falls away, the whole pleading must go down.'' The following authorities are to the same effect. Elliott, App. Proc., §655, and cases cited; Ewbank's Manual, §288; *Dyer* v. *Woods* (1906), 166 Ind. 44, 51, 52; *Carmel Nat. Gas, etc., Co.* v. *Small* (1898), 150 Ind. 427, 431; *Terre Haute, etc., R. Co.* v. *McCorkle* (1895), 140 Ind. 613, 622, 623, and cases cited; *Copeland* v. *Summers* (1894), 138 Ind. 219, 226; *Aetna Powder Co.* v. *Hildebrand* (1894), 137 Ind. 462, 473, 45 Am. St. 194; *Balue* v. *Taylor* (1894), 136 Ind. 368, 373; *Comegys* v. *Emerick* (1893), 134 Ind. 148, 152, 153, 39 Am. St. 245; *Pearson* v. *Pearson* (1890), 125 Ind. 341, 344; *Feder* v. *Field* (1889), 117 Ind. 386, 391; *Manifold* v. *Jones* (1889), 117 Ind. 212, 217; *Gregory* v. *Cleveland, etc., R. Co.* (1887), 112 Ind. 385; *Louisville, etc., R. Co.* v. *Godman* (1885), 104 Ind. 490, 494; *Chicago, etc., R. Co.* v. *Bills* (1885), 104 Ind. 13, 16; *Leeds* v. *City of Richmond* (1885), 102 Ind. 372, 384; *Bremmerman* v. *Jennings* (1885), 101 Ind. 253, 256, 257; *Sims* v. *Smith* (1885), 99 Ind. 469, 477, 50 Am. Rep. 99; *Cottrell* v. *Aetna Life Ins. Co.* (1884), 97 Ind. 311, 313; *Western Union Tel. Co.* v. *Reed* (1884), 96 Ind. 195, 198, and cases cited; *Western Union Tel. Co.* v. *Young* (1884), 93 Ind. 118, 119, and cases cited; *Union Mut. Life Ins. Co.* v. *Adler* (1906), 38 Ind. App. 530, 536; *Rietman* v. *Bangert* (1901), 26 Ind. App. 468, 471; *Tibbet* v. *Zurbuch* (1899), 22 Ind. App. 354, 361, 362; *Cleveland, etc., R. Co.* v. *Dugan* (1898), 18 Ind. App. 435, 438, and cases cited; *Sanders* v. *Hartge* (1897), 17 Ind. App. 243, 250-252; *Miller* v. *Miller* (1897), 17 Ind. App. 605-608; *Callaway* v. *Mellett* (1896), 15 Ind. App. 366, 367-369, 57 Am. St. 238; *Cleveland, etc., R. Co.* v. *DeBolt* (1894), 10 Ind. App. 174, 176.

The rule " 'that a complaint must proceed upon some definite theory and must be good upon the theory upon which it

proceeds,' '' as was· said in *Yorn* v. *Bracken* (1899),
153 Ind. 492, 495, ''does not require that the plaintiff must be entitled to all the relief asked for in the complaint to render it sufficient. If the plaintiff in an action is entitled to any of the relief asked for upon the theory of his case, then the complaint is sufficient to withstand a demurrer or assignment of error that the same does not state facts sufficient to constitute a cause of action. *Owen School Tp.* v. *Hay* [1886], 107 Ind. 351; *Culbertson* v. *Munson* [1886], 104 Ind. 451; *Howe* v. *Dibble* [1873], 45 Ind. 120; *Bennett* v. *Preston* [1861], 17 Ind. 291.''

The theory of a pleading must be determined by the court from its general scope and tenor, and not from fragmentary statements and conclusions or detached parts. Ewbank's Manual, §288; *Balue* v. *Taylor, supra; Comegys* v. *Emerick, supra; Monnett* v. *Turpie* (1892), 132 Ind. 482, 485; *Rollett* v. *Heiman* (1889), 120 Ind. 511, 513, 514, 16 Am. St. 340; *Henry* v. *Stevens* (1886), 108 Ind. 281, 282.

Where a complaint states facts sufficient to constitute a cause of action, the mere fact that it is difficult to tell which of two theories is the true one will not render such complaint insufficient on demurrer for want of facts, if the same is so framed that either theory is consistent therewith. *Scott* v. *Cleveland, etc., R. Co.* (1896), 144 Ind. 125, 128, 129, 32 L. R. A. 154.

In *Batman* v. *Snoddy* (1892), 132 Ind. 480, it was claimed by appellant that ''two causes of action were stated in the second paragraph of his complaint,'' and that said paragraph proceeded ''upon two different theories.'' This court said in response to that contention: ''We fail to discover the distinction, and even if such a distinction existed as that the paragraph stated facts making it good upon either theory, as contended by counsel, the court had the right to construe the paragraph as proceeding upon the theory which was most apparent and most clearly outlined by the facts

stated and require the case tried upon one definite theory. If the parties desire to present a cause of action on different theories they must plead in separate paragraphs, confining each paragraph to a distinct theory.''

When two or more theories are outlined in a pleading, and the record does not disclose which was adopted in the trial court, this court on appeal will determine the theory of each pleading, the sufficiency of which is properly challenged, from its general scope and tenor and not from fragmentary statements or conclusions, or, as stated in some of the cases cited, the court will construe such pleading by proceeding upon the theory which is most apparent and most clearly outlined by the facts alleged. But where, as in this case, a theory has been adopted by the parties and the trial court, and the case has been tried upon that theory, it must be adhered to on appeal. Elliott, App. Proc., §§489-496, and authorities cited; Ewbank's Manual, §288, and authorities cited; 21 Ency. Pl. and Pr., 666; 2 Cyc. Law and Proc., 670-674; *Crabb* v. *Orth* (1892), 133 Ind. 11, 12; *Branson* v. *Studabaker* (1892), 133 Ind. 147, 155, 156, and authorities cited; *Jones* v. *Cullen* (1895), 142 Ind. 335, 341, 342; *Batman* v. *Snoddy, supra; Lake Erie, etc., R. Co.* v. *Acres* (1886), 108 Ind. 548; *Adams* v. *Davis* (1887), 109 Ind. 10, 21, and cases cited; *Reeves* v. *Grottendick* (1892), 131 Ind. 107; *Graham* v. *Nowlin* (1876), 54 Ind. 389; *Lewis* v. *Stanley* (1897), 148 Ind. 351; *Lake Erie, etc., R. Co.* v. *McFall* (1905), 165 Ind. 574, 579; *Donaldson* v. *State, ex rel.* (1906), 167 Ind. 553, 558; *Flint & Walling Mfg. Co.* v. *Beckett* (1906), 167 Ind. 491, 504; *Southern R. Co.* v. *Jones* (1904), 33 Ind. App. 333, 335; *Diggs* v. *Way* (1899), 22 Ind. App. 617, 621, 622; *Louisville, etc., R. Co.* v. *Hughes* (1891), 2 Ind. App. 68; *Anderson, etc., Mach. Works* v. *Myers* (1896), 15. Ind. App. 385, 386, 390; *Cleveland, etc., R. Co.* v. *DeBolt, supra; Callaway* v. *Mellett, supra; Miller* v. *Miller, supra,* and cases cited; *Cleveland, etc., R. Co.* v. *Dugan, supra.* See, also, *Town of Greendale* v. *Suit* (1904),

163 Ind. 282, 285, 286; *Field* v. *Brown* (1896), 146 Ind. 293, 301, 302.

In *Crabb* v. *Orth, supra,* on page 12, this court said: "It would be unjust to the adverse party, and to the court, to permit a party to assume a definite theory in the trial court and shift from it to another in the appellate tribunal. The authorities maintain, with much strictness, the doctrine that the theory adopted in the trial court must be adhered to on appeal. See authorities cited. Elliott, App. Proc., §§489-490."

As the theory adopted in the trial court was that this action was brought under the second subdivision of section one of the employers' liability act of 1893, under the authorities cited that theory must be adhered to in this court.

As said act is unconstitutional so far as it applies to appellant, it follows that the court below erred in overruling appellant's demurrer to the amended complaint, and in overruling its motion for a new trial.

Judgment reversed, with instructions to sustain appellant's motion for a new trial, and the demurrer to the amended complaint.