## STANTON *v.* SIMPSON.

*Proof of Marriage. Measure of Proof. Evidence. Constitutionality of No. 4 of the Acts of 1869.*

In an action on No. 4 of the Acts of 1869, brought by a widow, to recover damages consequent upon the killing of her husband by a person intoxicated upon liquor illegally sold by the defendant, it was *held* that plaintiff's marriage in England might be proved by her parol testimony, the loss of her marriage certificate having been shown.

In actions on that statute, the measure of proof is the same that obtains in civil actions generally—the plaintiff need make a case only by a fair preponderance of evidence.

Defendant was town agent for selling intoxicating liquor pursuant to statute, and as such agent, kept a book of entries of his sales. *Held,* that said book was competent evidence for the plaintiff, to show the number and amount of sales to the person who killed her husband, as tending to fix knowledge on the defendant that such person wanted the liquor for illegal purposes.

Said act is constitutional.

CASE, founded on s. 3, No. 4, of the Acts of 1869. Plea, the general issue, and trial by jury, June Term, 1875, REDFIELD, J., presiding

Plaintiff claimed to recover damages for the killing of one John Stanton on the 28th of June, 1873, at Walden, by one Snow, while in a state of intoxication from liquor alleged to have been unlawfully sold and furnished to said Snow by the defendant, and claimed that said Stanton was her lawful husband at the time aforesaid. To prove her marriage to the said Stanton, the plaintiff was called as a witness, and the defendant objected to her competency; but the court overruled the objection, and the defendant excepted. The plaintiff testified, in substance, that she resided in Newbury, and had for five years; that she had no marriage certificate; that Mr. Stanton used to carry it, but it got all worn out; that she had not seen it since they left England, eight years ago, and did not know where it was, nor what became of it, and had never looked for it; that she was married to said Stanton in June, 13 years ago, in Leeds, England, by minister Blown, Father Blown they always called him, a Catholic, whose business it was to marry people, and attend to his church there; that she then knew nothing of the performance of the marriage ceremony among Catholics, having never attended a marriage; that she was married in St. Ames, a building in which people attended church on Sunday; that she could not state what was done at the time of her marriage—whether any marriage ceremony was said over or not, but that the priest said over something in English that she did not recollect; that she could neither read nor write; that the Catholics put down marriages in a book, but give the persons married a paper—certificate of marriage; and that there were two witnesses to her marriage, Kate Daley and Mrs. Murrey. There was no other evidence upon the subject of said marriage.

The evidence on the part of the plaintiff tended to show, that on the 23d of June, 1873, at Greensboro, the defendant sold to said Snow a quantity of alcohol that Snow carried away to his home in Walden, and there drank from it for several days, and that on the 28th of said June, while in a state of intoxication

from drinking the said liquor, he wilfully shot and killed said Stanton, and that said sale of liquor to Snow, was an unlawful sale. The evidence on the part of the defendant tended to show that the defendant at the time of said sale was the lawful town agent of said Greensboro for the sale of intoxicating liquors; that the sale to Snow was made upon his representation that he was a manufacturer and peddler of essences, and wanted the alcohol for the purpose of manufacturing essences, and that only; that the defendant believed said representations, and acted in good faith in the sale, and within his license; that the sale was lawful for the purpose sold, and that the said Snow, at the time of the shooting of said Stanton, was not in a state of intoxication.

The plaintiff also offered in evidence the book kept by the defendant, of entries of sales by him of intoxicating liquors while he was the licensed agent of Greensboro as aforesaid, from the time of his first appointment to that office in 1871, to his going out of office a little subsequent to the said 23d of June, for the purpose of showing the number and amount of sales of intoxicating liquor by defendant to said Snow during said time. The defendant objected to the introduction of said book, or its examination by the jury, for any purpose except as related to the alleged sale on the 23d of June. The court overruled the objection, and permitted said book to go to the jury for the purpose offered; to which the defendant excepted.

The defendant requested the court to instruct the jury, that in order to entitle the plaintiff to recover, there must be competent proof of a legal marriage in fact of the plaintiff with the said Stanton, and that the testimony given upon that subject was not sufficient to prove or justify the jury in finding that there was such marriage. The court declined so to charge; but charged, for the purposes of this trial, that if the jury believed the testimony of the plaintiff, it was sufficient to establish the fact of a legal marriage.

The defendant also requested the court to charge the jury, that in order to find a verdict for the plaintiff, the jury must be satisfied of all the facts necessary to sustain this action under the stat-

ute declared on, beyond a reasonable doubt.   The court refused
so to charge, but charged that if the jury found the facts upon the
points submitted to them, on a fair balance of proof, in favor of
the plaintiff, it would be sufficient to justify their verdict for plain-
tiff; but that there was a presumption in favor of the defendant
which the plaintiff must overcome.   To the refusal to charge as
requested, and to the charge as given on said points, the defend-
ant excepted.   Verdict for plaintiff.

Defendant moved in arrest of judgment, for that the statute
upon which the action is founded, is unconstitutional.   Motion
overruled, and defendant excepted.

*J. P. Lamson* and *C. W. Clarke*, for defendant.

Was the proof of marriage in the case sufficient?   It was not
proof of marriage in fact; and proof of marriage in fact was nec-
essary to sustain the action.   2 Greenl. Ev. s. 461; *Morris* v.
*Miller*, 4 Burr. 2059; *Leader* v. *Barry*, 1 Esp. 353; 2 Stark.
Ev. 932; Best Ev. 464, (Eng. ed. 1870).

Defendant was entitled to a charge, giving him the full benefit
of the measure of proof according to his request.   No more penal
statute exists.   The bringing a pauper into a town is mild, com-
pared with the penalty inflicted under this statute, and full proof
is there required.

The book was received for purposes not justified.   The decla-
ration alleged that the intoxication was produced by liquor sold
on the 23d of June.   That sale was the only one complained of;
and if the book was admissible at all, it could only concern that
sale.

The law is unconstitutional.   The defendant was an officer of
the law, and should be protected in a different way from an abso-
lutely wilful violation of law, by one who not only violates in
selling in the particular case, but also in keeping for sale, &c.,
and there can be no suspicion that he has been imposed upon.   In
the case in 54 N. H. 117, the defendant unlawfully kept.

*Leslie & Rogers* (*J. W. Rowell* with them), for plaintiff.

The plaintiff was a competent witness to prove her marriage,
and generally in the case.   Gen. Sts. s. 24, c. 36.

The plaintiff's evidence tended to show a marriage in *fact.* The court found the *fact* that the certificate of her marriage to Stanton *was lost,* and consequently, *parol evidence* was admissible. 2 Greenl. Ev. s. 461 ; *State* v. *Rood*, 12 Vt. 396. But a marriage in this case may be shown by evidence of collateral facts and circumstances from which its existence may be inferred. It is only in indictments for polygamy and adultery, and in actions for criminal conversation, that the marriage is required to be established by direct evidence. 2 Greenl. Ev. s. 461 ; *Northfield* v. *Vershire*, 33 Vt. 110.

The ruling and charge as to the measure of proof required in order to entitle plaintiff to a verdict, was as favorable for defendant as he was entitled to have. The action is neither of a *criminal* nor a *penal* character. The statute upon which the suit is predicated, is not a *penal* statute. *Bedore* v. *Newton*, 54 N. H. 117 ; *Smith* v. *Wilcox*, 47 Vt. 537.

As to the admission of defendant's book of sales of intoxicating liquors. The exceptions do not present any facts showing that the book was improperly admitted, and this court will not *presume error* in that respect. The court will not reverse the judgment, unless the exceptions show and point out error in that respect. The exceptions do not set forth that the book contained entries of any sales to Snow except the one complained of. But if it did, the book may have been, for aught that appears, proper and legitimate evidence tending to show that the sale on the 23d of June was illegal, and made by defendant in violation of law, and with a knowledge that Snow wanted it for improper and illegal use, and also to disprove the defence set up by defendant in some material point or part thereof.

The statute upon which this suit is predicated, is constitutional. *Bedore* v. *Newton, supra ; Smith* v. *Wilcox, supra.*

The opinion of the court was delivered by

PIERPOINT, Ch. J. The first question arises upon the charge of the court on the subject of the proof of marriage.

This is a civil suit, brought to recover the damages which the plaintiff claims to have sustained in consequence of the violation

Stanton *v.* Simpson.

of the law relating to traffic in intoxicating liquor, and is based upon the act of 1869, No. 4, which provides that " whenever any person in a state of intoxication shall wilfully commit any injury upon the person or property of any other individual, any person &c., who shall have unlawfully sold or furnished any part of the liquor causing such intoxication, shall be liable to the party injured for all damage, &c.; and in case of the death or disability of any person from the injury, &c., any person who shall be in any manner dependent on such injured person for means of support, may recover from the person unlawfully selling, &c, all damage or loss sustained in consequence of such injury," &c. The plaintiff claims that she was the wife of a person who was killed by another, when in a state of intoxication produced by the intoxicating liquor unlawfully sold by the defendant, and that she was dependent upon her said husband for means of support. To maintain the action, it was necessary for the plaintiff to show that she was the wife of the person so killed.

There is a wide distinction between this case and the class of cases to which our attention has been called, where the fact of a marriage enters into and constitutes an indispensable element of the offence charged, as in adultery, seduction, *crim. con.*, &c., where there can be no legal offence without a marriage and an existing marriage relation.

In this case the marriage of the plaintiff has no connection whatever with the offence with which the defendant is charged. All that the plaintiff is required to show is, that she stood in such a relation to the deceased person that she has the right to maintain this action for her damages. She stands in the same position in respect to the proof of marriage, that she would if she was claiming dower in the deceased person's estate as his widow. In this class of cases the same strictness of proof has never been required, certainly not in this state. This is a much stronger case than that of *State* v. *Rood*, 12 Vt. 396. That was an indictment under what is known to the profession as the " blanket act," involving a state prison offence. The husband was a witness to prove the marriage, and he testified that he went with his wife before one Bishop, whom he called a justice of the peace, and

they were married, and lived together thereafter as man and wife. There was no proof that Bishop was a justice of the peace, or that by the laws of the state of N. Y. a justice of the peace had authority to solemnize marriage, yet WILLIAMS, Ch. J., says : " the evidence was sufficient, *prima facie*, to prove a marriage in fact." We think, both upon reason and authority, the charge of the court below was correct in this respect.

The charge of the court as to the measure of proof required, was clearly correct. This is not a criminal or a penal action. It simply gives an action to a party injured, to recover the damages actually sustained by the wrongful and illegal act of another ; and all that a plaintiff is bound to do, is, to make out his case by a fair balance of testimony, such as shall satisfy the minds of a jury, under all the circumstances, that the defendant is guilty of the offense charged. The court in this case gave the defendant the full benefit of all the presumption. in his favor to which he was entitled.

The book kept by the defendant on which he entered the liquor which he, as town agent, sold to Snow on the 23d day of June, 1873, we think, was properly admitted for the purpose for which it was offered. That it was admissible to show the sale on the 23d, is not denied ; but the defendant being the town agent for the sale of liquor, and authorized to sell it for medicinal, mechanical, and manufacturing purposes *only*, proof of the sale by him was not sufficient to show that it was an unlawful sale, as it would be in the case of a person who had no authority to sell at all, but it became necessary to show that the defendant had knowledge that the said Snow was not purchasing the liquor for any purpose for which the defendant was authorized to sell it to him, and that he was selling the liquor to him unlawfully. Upon this question, the extent of these dealings in the article might be material, as tending to show his acquaintance with the man, the frequency of his calls, and the extent of his purchases. Direct proof of what the defendant knew, it might be difficult to obtain ; but the fact might be established by a satisfactory chain of circumstances, of which the evidence furnished by the defendant's entries in this book, might form a part. They are in the nature of written

declarations made by the defendant, showing what his dealings with Snow in respect to liquor had been, and we must assume that the book went to the jury under proper instructions as to the use that they were at liberty to make of it.

The defendant filed a motion in arrest, on the ground that the act of the Legislature upon which this action is based, is unconstitutional. The counsel for the defendant does not seriously claim that this act is unconstitutional so far as it applies to those who without license deal in the sale of intoxicating liquors in violation of law, but is so when it is applied to a town agent who is authorized to sell for specified purposes, but who goes beyond his authority, and unlawfully sells for purposes for which he is not authorized to sell. It is difficult to appreciate the distinction upon which this claim is based. If the law is constitutional as to the former, clearly it must be so as to the latter. No man has a constitutional right to claim exemption from the consequences of an unlawful act ; and it is competent for the Legislature to declare to what extent he shall be liable for such consequences, however immediate or remote. If a man owns a vicious and dangerous animal, and knows him to be so, if he turns him into the street, and he injures a man, he is liable for such injury on common principles. If he kills the man, on such principles he may not be liable to the wife or children of that man, but may not the Legislature declare that he shall be liable to such wife or children for the damage that they have sustained in consequence of such violation of law, without encroaching upon the constitutional rights of the wrong-doer ?

In New Hampshire they have a law similar to the one under consideration, and the question of its constitutionality was fully considered in the case of *Bedore* v. *Newton*, 54 N. H. 117, and its constitutionality was fully upheld. We have no doubt as to the constitutionality of this law.

Judgment affirmed.