## MYERS v. CONWAY ET AL.

1. **Intoxicating Liquors:** DAMAGES FOR SALE OF: WINE AND BEER. No action can be maintained for damages occasioned by the sale of wine or beer, unless sold contrary to the provisions of section 1539 of the Code.

*Appeal from Union District Court.*

SATURDAY, DECEMBER 11.

THIS is an action for the recovery of damages for selling intoxicating liquors to the plaintiff's husband, causing his intoxication, and injuring the plaintiff in her means of support. The action is brought under sections 1556 and 1557 of the

Code    There was a jury trial, and a verdict and judgment for the plaintiff for $6,000. The defendants appeal.

*Stiles & Lathrop* and *A. M. Childs*, for the defendant.

No appearance for the appellee.

Day, J.—I.    There was a conflict in the evidence as to

**1. INTOXICA-TING liquors: damages for sale of: wine and beer.** whether the liquor sold to plaintiff's husband, and on account of which this action is instituted, was whisky or beer.

The court instructed the jury as follows: " If in this cause you find that defendants sold intoxicating liquors (including wine and beer) to the husband of plaintiff, and on account thereof the plaintiff has been deprived of her means of support, then the plaintiff should recover what such support is reasonably worth, and you will so find."

This instruction is erroneous. No action can be maintained for damages occasioned by the sale of beer, unless sold contrary to the provisions of section 1539 of the Code. *Woody v. Coenan*, 44 Iowa, 19; *Jewett v. Wanshura*, 43 Id., 574.

Section 1539 of the Code inhibits the sale of beer to a minor or intoxicated person, or to a person in the habit of becoming intoxicated. The instruction ignores the distinction between liability for the sale of beer and liability for selling the intoxicating liquors named in section 1555 of the Code. Besides, this action is not brought for selling to a minor, intoxicated person, or one in the habit of becoming intoxicated.

II.    M. F. Conway is the wife of the defendant, John Conway. The verdict was simply a general one for the plaintiff. The court instructed the jury that their verdict should be in one of the following forms:

" We, the jury, find for plaintiff, and fix the amount of her recovery at —— dollars. We, the jury, find for defendants."

It is claimed that this direction was prejudicial to the de-

fendant M. F. Conway, inasmuch as the jury were not directed that they might find against one of the defendants and in favor of the other.

We need not determine whether this was prejudicial error. It was probably the result of mere inadvertence, which the court will doubtless guard against upon the re-trial. We discover no other error in the case.

REVERSED.