No. 15,045.

## THE STATE v. SMITH.

INTOXICATING LIQUOR.—*Affidavit and Information.*—*Insufficiency of under Section 2093, R. S. 1881.*—*Notice.*—*Service of upon Proprietor.*—*Employee.*—*Motion to Quash.*—An affidavit and information which allege that an employee of a saloon sold intoxicating liquor to a person named who was in the habit of being intoxicated, after due notice in writing had been served by a citizen of the proper township upon the proprietor of the saloon, that the person to whom the liquor was sold was in the habit of being intoxicated, which notice it is averred was also left at and in the saloon, do not comply with the requirements of section 2093, R. S. 1881, and the motion to quash was properly sustained.

SAME.—*Notice.* —*Sufficiency of, a Question of Proof.* — *What the Information Should have Charged.*—The charge should have been that notice in writing had been given the defendant, and it would then have become a question of proof whether or not serving a notice upon the proprietor, and leaving a copy in the saloon, conveyed notice to the employee. It is only required to make the indictment or information sufficient that the charge should be laid substantially in the language of the statute, leaving the question of the sufficiency of the proof to the court or jury trying the cause.

From the Huntington Circuit Court.

*L. T. Michener*, Attorney General, and *W. A. Branyan*, Prosecuting Attorney, for the State.

*L. P. Milligan*, *O. W. Whitelock* and *S. E. Cook*, for appellee.

MITCHELL, C. J.—Section 2093, R. S. 1881, is in the following language: " Whoever, directly or indirectly, sells, barters, or gives away any spirituous, vinous, malt, or other intoxicating liquor to any person who is in the habit of being intoxicated, after notice shall have been given him, in writing, by any citizen of the township or ward wherein such person resides, that such person is in the habit of being intoxicated, shall be fined," etc.

The State *v.* Smith.

It was charged in an affidavit and information that Frank Smith, on a date mentioned, sold intoxicating liquor to a person named, who was in the habit of being intoxicated, after due notice in writing had been served by a citizen of the proper township, upon Moses Milligan, the proprietor of the saloon in which Smith was employed, that the person to whom the liquor was sold was in the habit of being intoxicated, which notice, it is averred, was also left at and in the saloon.

The affidavit and information were very properly quashed. The charge should have been that notice in writing had been given the defendant, and it would then have become a question of proof whether or not serving a notice upon the proprietor, and leaving a copy in the saloon, conveyed notice to the employee.

The offence consists in selling, bartering or giving intoxicating liquor to a person in the habit of being intoxicated, after notice shall have been given *him,* the person selling or giving the liquor, that the person to whom it is sold or given is in the habit of being intoxicated. Notice in writing must have been given the defendant. · This conclusion does not, as is contended, require that a separate notice be served upon the proprietor of a saloon, and also upon each and every clerk, employee, or other person authorized to sell. It only requires, in order to make an indictment or information sufficient, that the charge should be laid substantially in the language of the statute, leaving the question of the sufficiency of the proof to the court or jury trying the cause. An averment that the proprietor was notified in writing, and a copy left in the saloon, without any averment that the defendant was notified, is of no consequence. Undoubtedly if the evidence showed that an employee had knowledge that due notice had been given the proprietor, or left in the saloon, or if he were in any other way notified that a statutory notice had been given not to sell intoxicating liquor to a particular individual, a conviction would be sustained if a

sale were afterwards made in disregard of the notice. Such evidence might warrant the inference that notice had been given him. The appeal is not sustained.

