## THE STATE OF INDIANA, EX REL. DARK, *v.* MANN ET AL.

[No. 6,482.   Filed January 15, 1909.]

PLEADING.—*Complaint.—Intoxicating Liquors.—Unlawful Sales.— Written Notice.—Waiver.—*A complaint alleging that the plaintiff wife orally notified the defendant saloon-keeper not to sell liquor to her husband, who was in the habit of becoming intoxicated, that the saloon-keeper agreed not to do so and said that plaintiff need not put the notice in writing, that he sold liquor to such husband on Sundays, and that by reason of the violation of said notice, she had lost her means of support, states a cause of action. Comstock, J., dissenting.

From Superior Court of Marion County (68,379) ; *John L. McMaster,* Judge.

Action by The State of Indiana, on the relation of Eliza-

beth Dark, against James M. Mann and others. From a judgment for defendants, plaintiff appeals. *Reversed.*

*William P. Herod,* for appellant.

*J. E. Bell,* for appellees.

ROBY, J.—Action by appellant against appellees on a bond executed by James M. Mann, as principal, and by the Terre Haute Brewing Company and Maurice Donnelly, under the statute authorizing the sale of intoxicating liquors. Demurrers were sustained to the complaint, and the sufficiency of that pleading is the sole question for consideration. It is averred therein, in substance, that plaintiff's husband, Stephen C. Dark, an architect who had built up an extensive and profitable business, and who for several years had been addicted to the excessive use of intoxicating liquors, had, within the last eight or ten months, become an habitual drunkard; that he was a constant visitor at the saloon of defendant Mann; that plaintiff called upon said Mann, informed him that she was the wife of Dark, whom Mann and his bartenders well knew, and notified him not to sell or give any more whisky or other intoxicating liquors to her husband; that she requested Mann to say whether she should put in writing her notice not to sell her husband any more liquor, and that he informed her that she need not go to that trouble—that the parol notice would be all that he would require—and that her husband, Stephen C. Dark, should not have another drink of intoxicating liquor in his saloon, whereupon plaintiff again, by parol, notified said Mann and his bartenders never again to sell or give her husband intoxicating liquor; that Mann and his bartenders have continued, from the time of said notice to the bringing of the action, deliberately to sell and to give to said Dark, husband as aforesaid, on Sundays as well as week days, all the intoxicating liquors that he desired, and as a result said Dark has been continuously beastly drunk, and that while in that condition he commits disgusting acts, etc.

The condition of appellee Mann's bond (following the form of §8319 Burns 1908, §5315 R. S. 1881), is as follows: "If said James M. Mann shall keep an orderly and peaceable house and shall pay all judgments for civil damages growing out of unlawful sales that may be assessed against [him] as provided for in such acts, then this obligation is null and void, else to remain in full force and virtue in law."

Section 2485 Burns 1908, Acts 1905, pp. 584, 720, §574, is as follows: "Whoever, directly or indirectly, sells, barters or gives away any spirituous, vinous, malt or other intoxicating liquor to any person who is in the habit of becoming intoxicated, after notice shall have been given to him, in writing, by any citizen of the township or ward wherein such person resides, that such person is in the habit of becoming intoxicated, shall, on conviction, be fined not less than $50 nor more than $100, to which may be added imprisonment in the county jail or workhouse not less than thirty days nor more than one year, and such person may be disfranchised and rendered incapable of holding any office of trust or profit for any determinate period."

Section 8355 Burns 1908, §5323 R. S. 1881, is as follows: "Every person who shall sell, barter, or give away any intoxicating liquors, in violation of any of the provisions of this act, shall be personally liable, and also liable on his bond filed in the auditor's office, as required by section four of this act [§5315 R. S. 1881], to any person who shall sustain any injury or damage to his person or property or means of support on account of the use of such intoxicating liquors, so sold as aforesaid, to be enforced by appropriate action in any court of competent jurisdiction."

Appellees urge that the complainant cannot avoid giving written notice by attempting to show it was waived, because the parts of a criminal statute necessary to constitute the offense cannot be waived, and that the attempt of Mann to waive the giving of written notice would not bind him or his sureties.

This is an action to enforce a civil, not a criminal liability. "A party may waive a right in his favor created by statute, the same as any other." *Tombs* v. *Rochester, etc., R. Co.* (1854), 18 Barb. 583, and see *Beecher* v. *Dacey* (1881), 45 Mich. 92, 7 N. W. 689; *Phyfe* v. *Eimer* (1871), 45 N. Y. 102. Appellee Mann expressly waived the rights given by the statute for his benefit and protection—to have the notice given in writing—and he cannot be permitted to raise the objection that it was not in writing. "If he may, he is allowed to avail himself of what is substantially a fraud. Parties to suits at law may assert their rights to the fullest extent; but neither a plaintiff nor a defendant is at liberty to deceive, either actively or passively, his adversary, and a court whose province it is to administer justice, will take care that on the trial of every cause neither party shall reap any advantage from his own fraud." *Shutte* v. *Thompson* (1872), 15 Wall. 151, 21 L. Ed. 123. If the judgment were recovered against Mann alone, and an action were afterward brought on the bond, the engagement of the sureties being "to pay all judgments for civil damages growing out of unlawful sales," etc., the sureties would of course be liable. The fact that the action is brought against both in the first instance does not change the legal liability of either.

Appellant Dark alleged the continued drunkenness of the husband, the sale or gift to him of intoxicating liquors while drunk, and the sale or gift on Sunday, and permitting him to be in the saloon on Sunday. These sales or gifts were unlawful (§§2484, 2492, 8326 Burns 1908, Acts 1905, pp. 584, 720, §§574, 579, Acts 1895, p. 248, §3), and are admitted by the demurrers. The claim that appellant has, by the theory of her case, excluded considerations of unlawful sales made to appellant's husband while intoxicated and on Sunday is groundless. The facts pleaded show the recovery to be sought for damages caused by the unlawful sales specified. The prohibition of sales to an intoxicated person is made by §2484, *supra,* and that a violation thereof gives a right of

action to the aggrieved party is unquestioned. *State, ex rel.,* v. *Terheide* (1906), 166 Ind. 689; *State, ex rel.,* v. *Soale* (1905), 36 Ind. App. 73.

The judgment is reversed, with instructions to overrule the demurrers.

Watson, C. J., and Hadley, J., concur.

## CONCURRING OPINION.

RABB, J.—This action is based upon that provision of the temperance law providing that any person who shall sell intoxicating liquor, in violation of any of the provisions of this act, shall be personally liable, and also liable on his bond to any person who shall sustain injury or damage to his person, property or means of support.

Together with much redundant matter, it is averred that the relatrix's husband was a person in the habit of becoming intoxicated; that appellee Mann was a licensed saloon-keeper, engaged in retailing intoxicating liquors at a certain designated place, and the other appellees were the sureties on his bond as such saloon-keeper; that relatrix notified appellee Mann that her husband was in the habit of becoming intoxicated, and requested him not to sell her said husband intoxicating liquors; that said appellee thereupon told relatrix that she need not go to the trouble of giving him notice in writing, and assured her that he would sell her husband no more liquor; that since September 18, 1904, her said husband has been continuously drunk, on liquor procured at Mann's saloon, and that after said notice was given, up to the time the suit was brought, appellee Mann had continued to sell and give to her said husband intoxicating liquor; that, in consequence of such sales and gifts of liquor, her husband had become so affected by the drink that he neglected his business, and neglected to supply relatrix with the necessaries and comforts of life.

I cannot concur in the view that the complaint in this

State, ex rel., *v.* Mann—43 Ind. App. 120.

case is sufficient as charging a sale of liquor in violation of that provision of the statute making it unlawful to sell or give liquor to a person in the habit of becoming intoxicated, after notice in writing has been given the saloon-keeper, as provided in the statute. The statute giving this right of action is in derogation of the common law. It imposes upon defendant an obligation not existing at common law, and must be strictly construed. *Burns* v. *Grand Rapids, etc., R. Co.* (1888), 113 Ind. 169; *Hamilton* v. *Jones* (1890), 125 Ind. 176; *Board, etc.,* v. *Jarnecke* (1905), 164 Ind. 658; *Chicago, etc., R. Co.* v. *Sturgis* (1880), 44 Mich. 538, 7 N. W. 213; *City of Detroit* v. *Putnam* (1881), 45 Mich. 263, 7 N. W. 815; *City of Detroit* v. *Chaffee* (1888), 70 Mich. 80, 37 N. W. 882; *In re Hollister Bank* (1863), 27 N. Y. 393, 84 Am. Dec. 292; *Lane's Appeal* (1884), 105 Pa. St. 49, 51 Am. Rep. 166; *O'Reilly* v. *Bard* (1884), 105 Pa. St. 569; *Cohn* v. *Neeves* (1876), 40 Wis. 393.

A liability might have been imposed by the lawmaking power for selling or giving intoxicating liquor to a person in the habit of becoming intoxicated, without reference to whether such sale was unlawful or not, but it has not chosen to do so. It is only for violations of the provisions of this act that liability follows. This court cannot write into the statute words that are not there, and therefore there can be no liability unless the sale is illegal. 6 Am. and Eng. Ency. Law (2d ed.), 42; *Myers* v. *Conway* (1880), 55 Iowa 166, 7 N. W. 481; *Peacock* v. *Oaks* (1891), 85 Mich. 578, 48 N. W. 1082; *Baker* v. *Beckwith* (1876), 29 Ohio St. 314; *Sibila* v. *Bahney* (1878), 34 Ohio St. 399; *Granger* v. *Knipper* (1873), 2 Cin. Super. Ct. Rep. 480; *Russell* v. *Tippin* (1896), 12 Ohio C. C. 52; *Stanton* v. *Simpson* (1876), 48 Vt. 628.

It cannot successfully be contended that a criminal prosecution for a violation of this provision of the law will lie against the principal defendant, upon the facts stated in the complaint. It is essential that an indictment, predicated

upon the sale of intoxicating liquor to a person in the habit of becoming intoxicated, shall include the averment that the sale was made after notice in writing, given by some inhabitant of the township. *Geraghty* v. *State* (1887), 110 Ind. 103; *Slate* v. *Smith* (1890), 122 Ind. 178.

The notice in writing is not only a necessary ingredient in a criminal charge, but it is an essential element in a civil action predicated upon a violation of this provision of the law. It is not a question of the waiver of benefits, but a question as to whether all of the elemental facts authorizing a statutory right of recovery are shown in the complaint.

But it does not follow that the complaint is insufficient because no violation of this particular provision of the law is shown; nor is the averment of the complaint, "that by reason of the violation of said notice relatrix has suffered great loss," of controlling influence in determining the character of the pleading. The action is predicated upon injuries alleged to have resulted to relatrix from the continued sale of intoxicating liquor to her husband, whereby he became incapable of following his business and to provide for the support of the relatrix; and, if the facts averred in the complaint show that the sales alleged to have produced this effect were in violation of any of the provisions of the law, the complaint is sufficient to withstand a demurrer, even though relatrix may have been mistaken as to what particular provisions of the law were violated by these sales.

It is directly averred that the husband was drunk continuously from the time he began to patronize appellee Mann's saloon up to the time the suit was brought. The word "drunk" and the phrase "in a state of intoxication" are synonymous, and the appellees were bound to know, from the allegations of the complaint, that the relatrix was charging that appellee Mann had sold to her husband, continuously for the period of time named, intoxicating liquor when he, the husband, was in a state of intoxication, and that he was thereby kept continuously in a state of intoxication,

destroying his power and ability to carry on his business and provide for his family. To sell, barter, or give away intoxicating liquors to a person in a state of intoxication, knowing him to be in such state, is a violation of one of the provisions of the law giving relatrix her right of action, and we think that the violation of this provision of the law is sufficiently shown by the averments of the complaint.

It has been held that under the statute (§8355 Burns 1908, §5323 R. S. 1881, Acts 1875 [s. s.], p. 55, §20) giving a right of action to a person damaged by the unlawful sale or gift of intoxicating liquors to a person who is intoxicated, it is not necessary to allege that the sale or gift of the liquor was made by the defendant with a knowledge that such person was intoxicated. *Werneke* v. *State* (1875), 50 Ind. 23; *Brow* v. *State* (1885), 103 Ind. 133; *Mulcahey* v. *Givens* (1888), 115 Ind. 286; *Homire* v. *Halfman* (1901), 156 Ind. 470; *State, ex rel.* v. *Terheide* (1906), 166 Ind. 689; *Baecher* v. *State, ex rel.* (1898), 19 Ind. App. 100; *State, ex rel.* v. *Soale* (1905), 36 Ind. App. 73.

For this reason I concur in the reversal of the judgment of the court below.

Myers, J., concurs.

## DISSENTING OPINION.

COMSTOCK, P. J.—Action brought by appellant against appellees on a bond given by appellees Mann, as principal, and the Terre Haute Brewing Company and Maurice Donnelly, as sureties, under the statutes authorizing the sale of intoxicating liquors.

Separate and joint demurrers for want of facts were sustained to the complaint, and judgment was rendered thereon against appellant for costs. The action of the court is assigned as error.

The complaint alleges that the relatrix is the wife of Stephen C. Dark; that for the past eight or ten months he has been and is now an habitual drunkard; that said Mann

has been since April 29, 1904, the proprietor of a saloon at which her husband has been a constant visitor and patron; that said relatrix informed said Mann that she was the wife of said Dark, who said Mann well knew, and notified said Mann, as well as his barkeepers and other persons in charge of his said bar, not to sell or give, directly or indirectly, to her said husband any more whisky or other intoxicating liquors; that she requested said defendant Mann to say whether relatrix should put in writing her notice not to sell her husband any more liquor; that then and there defendant Mann informed said relatrix that she need not go to the trouble of putting in writing her notice not to sell her husband any more intoxicating liquor of any kind; that the parol notice would be all that he would require, and said relatrix thereupon, again by parol, notified said Mann never again to sell or give, directly or indirectly, to relatrix's husband any more intoxicating liquor of any kind; that said Mann then and there informed said relatrix that said Stephen C. Dark, the relatrix's said husband, should not have another drink or drop of any intoxicating liquor in his place; that said defendant Mann at all times since said relatrix and her husband lived in said neighborhood knew that said Stephen C. Dark was an habitual drunkard; that, notwithstanding said notice, and said defendant Mann's promise that Dark should not have any more liquor of any kind at said Mann's place, said defendant Mann has continued, from the time of said notice down to the bringing of this suit, deliberately to sell and give, by himself, his barkeepers and another person by the name of Escott, who is interested in some way in said saloon, to said Dark all the intoxicating liquor he desired, and as a result said Dark had been continuously beastly drunk, and by reason of the violation of said notice, as aforesaid, said relatrix has suffered great loss in money, etc.

The complaint seeks to recover upon the bond of appellee Mann for the sale of liquor to relatrix's husband, who was a

State, ex rel., *v.* Mann—43 Ind. App. 120.

person in the habit of becoming intoxicated. Two sections
of the statute upon which the action is based are as follows:
''Whoever, directly or indirectly, sells, barters or gives away
any spirituous, vinous, malt or other intoxicating liquor to
any person who is in the habit of becoming intoxicated, after
notice shall have been given to him, in writing, by any citi-
zen of the township or ward wherein such person resides,
that such person is in the habit of becoming intoxicated,''
etc. §2485 Burns 1908, Acts 1905, pp. 584, 720, §574.
''Every person who shall sell, barter, or give away any in-
toxicating liquors, in violation of any of the provisions of
this act, shall be personally liable, and also liable on his bond
filed in the auditor's office.'' §8355 Burns 1908, §5323 R. S.
1881.

The offense, under this section of the statute, is the sale,
after notice in writing, to a person in the habit of becoming
intoxicated. The complaint affirmatively states that the
written notice was not given. The offense defined is not the
selling to a person in the habit of becoming intoxicated, but
in selling to such person after notice has been given in writ-
ing of such habit. *Geraghty* v. *State* (1887), 110 Ind. 103;
*State* v. *Smith* (1890), 122 Ind. 178. The theory upon
which the complaint is based is clear beyond question. It
expressly avers that ''by reason of the violation of said no-
tice as aforesaid relatrix has suffered great loss in money,''
etc.

A party cannot seek relief on one theory by the pleadings,
and then ask to have relief given on another. It is the
settled rule of pleading and practice in this State that a com-
plaint must proceed upon some definite theory, and that it
must be good on the theory adopted. This rule has recently
been emphasized in *Oölitic Stone Co.* v. *Ridge* (1908), 169
Ind. 639, in which case appellee insisted that the amended
complaint, which was in one paragraph, stated a good cause
of action at common law, as well as under the employers'
liability act, in favor of appellee against appellant, and that

therefore the cause should not be reversed even if said act was unconstitutional as applied to appellant. But the Supreme Court reversed the judgment, for the reason that the complaint was not sufficient upon the theory upon which it was framed, and in support of the ruling made the following, among other, citations: Elliott, App. Proc., §655, and cases cited; Ewbank's Manual, §288; *Dyer* v. *Woods* (1906), 166 Ind. 44, 51, 52; *Carmel Nat. Gas, etc., Co.* v. *Small* (1898), 150 Ind. 427, 431; *Terre Haute, etc., R. Co.* v. *Mc-Corkle* (1895), 140 Ind. 613, 622, 623, and cases cited; *Copeland* v. *Summers* (1894), 138 Ind. 219, 226; *Aetna Powder Co.* v. *Hildebrand* (1894), 137 Ind. 462, 473, 45 Am. St. 194; *Balue* v. *Taylor* (1894), 136 Ind. 368, 373; *Comegys* v. *Emerick* (1893), 134 Ind. 148, 152, 153, 39 Am. St. 245; *Pearson* v. *Pearson* (1890), 125 Ind. 341, 344; *Feder* v. *Field* (1889), 117 Ind. 386, 391; *Manifold* v. *Jones* (1889), 117 Ind. 212, 217; *Gregory* v. *Cleveland, etc., R. Co.* (1887), 112 Ind. 385; *Louisville, etc., R. Co.* v. *Godman* (1885), 104 Ind. 490, 494; *Chicago, etc., R. Co.* v. *Bills* (1885), 104 Ind. 13, 16; *Leeds* v. *City of Richmond* (1885), 102 Ind. 372, 384; *Bremmerman* v. *Jennings* (1885), 101 Ind. 253, 256, 257; *Sims* v. *Smith* (1885), 99 Ind. 469, 477, 50 Am. Rep. 99; *Cottrell* v. *Aetna Life Ins. Co.* (1884), 97 Ind. 311, 313; *Western Union Tel. Co.* v. *Reed* (1884), 96 Ind. 195, 198, and cases cited; *Western Union Tel. Co.* v. *Young* (1884), 93 Ind. 118, 119, and cases cited; *Union Mut. Life Ins. Co.* v. *Adler* (1906), 38 Ind. App. 530, 536; *Rietman* v. *Bangert* (1901), 26 Ind. App. 468, 471; *Tibbet* v. *Zurbuch* (1899), 22 Ind. App. 354, 361, 362; *Cleveland, etc., R. Co.* v. *Dugan* (1898), 18 Ind. App. 435, 438, and cases cited; *Sanders* v. *Hartge* (1897), 17 Ind. App. 243, 250-252; *Miller* v. *Miller* (1897), 17 Ind. App. 605-608; *Callaway* v. *Mellett* (1896), 15 Ind. App. 366, 367-369, 57 Am. St. 238; *Cleveland, etc., R. Co.* v. *DeBolt* (1894), 10 Ind. App. 174, 176.

It is possible that the "theory" rule has, in some cases,

been refined beyond accuracy and that it should be modified, but this court is without authority in that behalf. If it is to be relaxed, it would seem. inasmuch as sureties are favorites of the law, that they should not be made the first victims of the change.

The complaint does not show a violation of the section in question which could affect appellee Mann's bondsmen. The notice in writing specified is, in a large measure, intended for the benefit of the party charged with the sale of intoxicating liquor. This requirement may be waived by the principal for himself, but not for his bondsmen.

It is the opinion of the writer that the judgment should be affirmed as to appellees the Terre Haute Brewing Company and Maurice Donnelly, and reversed as to appellee Mann.